BERTIE MARIE ROBINSON, now BERTIE MARIE BENNETT, v. BUDD M. ROBINSON, Appellant.

### Division Two, May 31, 1916.*

1. **MAINTENANCE OF MINOR CHILD: Divorce: Subsequent Modification of Decree.** Custody in the statute pertaining to minor children of parents who are being divorced is conjoined with maintenance, and jurisdiction as to custody gives jurisdiction as to maintenance; and notwithstanding the decree dissolving the marital relation and granting the custody of a minor child to the wife is silent as to its maintenance, the court has authority, under Sec. 2381, R. S. 1909, declaring that "there may be a review of any order or judgment touching the care, custody and maintenance of the children," after the lapse of the term, to modify the judgment and grant to the wife a definite allowance for the future maintenance of the child. [Disapproving Lukowski v. Lukowski, 108 Mo. App. 1. c. 207, and Seely v. Seely, 116 Mo. App. 1. c. 362.]

2. ———: ———: ———: **Change of Venue.** A proceeding to have a decree granting to the wife a divorce and the custody of a minor child so modified as to include an allowance to her for the maintenance of the child, is not a suit within the meaning of the statute, and no change of venue can be granted.

*NOTE.—Certified to Reporter November 3, 1916.

3. ———: **Excessive Allowance.** Where in an independent action the mother had recovered judgment of $1500 for the support of the minor child for the five years intervening between the date of the divorce decree awarding her the custody of the child and the date of the institution of the proceeding to modify that decree so as to allow her a definite annual sum for maintenance, and the evidence shows that what property defendant has is burdened with debt, an allowance of $500 a year will be reduced to $300.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED (*as modified*).

*Spencer, Grayston & Spencer* for appellant.

(1) In the original case, the plaintiff did not ask nor did the decree award anything for the maintenance, support and education of the child, and therefore the court was without jurisdiction to make any order touching such matters in this case. Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362; R. S. 1909, secs. 2381 and 2375. (2) For the same reasons, the evidence did not warrant the court in making any order touching or concerning the support, maintenance and education of the child. (3) The court erred in overruling defendant's application for a change of venue.

*Fred W. Kelsey* for respondent.

(1) "The rule in Missouri is well settled where the decree of divorce is silent on the subject of the children, the liability of the father to support his minor children remains in full common law vigor, though the mother is awarded their custody, as here." Viertel v. Viertel, 212 Mo. 576; Meyers v. Meyers, 91 Mo. App. 151; Cox v. Vogle, 152 Mo. 596; Lusk v. Lusk, 28 Mo. App. 91; Rankin v. Rankin, 83 Mo. App. 535; McCloskey v. McCloskey, 93 Mo. App.

398; Maxwell v. Boyd, 123 Mo. App. 334; Keller v. City of St. Louis, 152 Mo. 596. (2) "The power of the court to make an order directing the father to provide for the maintenance of the minor children, under petition in the suit, long after final decree has been entered, is well established where the decree contains no provision on the subject." 14 Cyc. 811; 9 Am. & Eng. Ency. Law, 872; 7 Ency. Pl. & Pr. 131; Bishop on Marriage, Divorce & Separation, secs. 1212 and 1223; Hill v. Hill, 82 N. E. 690; Kraus v. Kraus, 98 Mo. App. 427; Shannon v. Shannon, 97 Mo. App. 119; Meyers v. Meyers, 91 Mo. App. 151; Chester v. Chester, 17 Mo. App. 657; Pretzinger v. Pretzinger, 45 Ohio St. 452; McAllen v. McAllen, 106 N. W. 100; Marks v. Marks, 118 N. W. 694; Keesling v. Keesling, 85 N. E. 837; Connett v. Connett, 116 N. W. 658; Tobin v. Tobin, 64 N. E. 624; Harris v. Harris, 5 Kan. 46; Holt v. Holt, 42 Ark. 623; Brow v. Brightman, 136 Mass. 187. (3) The weight of authority in Missouri supports the general rule that where no provision is made for the support of the child in the decree of the divorce, the mother may, at a subsequent term, obtain an order modifying the decree, requiring the father to provide future means for the support of the child. Shannon v. Shannon, 97 Mo. App. 119; Meyers v. Meyers, 91 Mo. App. 151; Chester v. Chester, 17 Mo. App. 657. Contra: Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362. (4) The statute authorizing the circuit court to make orders in divorce cases, is not to be strictly construed. In re Morgan, 117 Mo. 254; 9 Am. & Eng. Ency. Law, 866; 14 Cyc. 804. (5) The statute is capable of a construction which would authorize this proceeding and the construction contended for by the appellant would deny the court the right to discharge its duty to the children which are its ward. R. S. 1909, secs. 2381 and 2375. Harris v.

268 Mo.—45

Harris, 5 Kan. 53; Keesling v. Keesling, 135 N. E. 337; Tobin v. Tobin, 64 N. E. 624. ·

WALKER, J.—This is an appeal from a modified decree of divorce. At the June term, 1907, of the circuit court of Jasper County the respondent obtained a decree of divorce from the appellant.

The petition complied with the formal requisites in a pleading of this character and, among other things, alleged that there was a child born of the marriage, a boy, naming him, then nine years of age. Respondent then prayed in substance as follows; to be divorced from the bonds of matrimony contracted with defendant; that she have the care and custody of her infant child, and that the court adjudge to her, out of the property of defendant, such support and maintenance and for such time as the nature of the case and the circumstances of the parties require, and that, if necessary, defendant be compelled to give security for such maintenance, and that the court make such further orders and judgments from time to time, touching the premises, as shall seem meet and just.

The decree was rendered in conformity with this prayer, respondent being awarded $7000 alimony in gross and certain real estate. No order was made concerning the maintenance of the child. The appellant promptly satisfied the judgment thus rendered. Five years thereafter, at the June term, 1912, of the circuit court of Jasper County, the respondent, who had, in the meantime, married and removed to the State of Oregon, taking the child with her, filed a motion to modify the decree theretofore rendered in said cause. The motion asked that the court make an order allowing respondent a sum for the education and maintenance of the child. The appellant filed an application for a change of venue, which was overruled. The court proceeded to hear evidence on the

motion to modify the decree, sustained same and allowed respondent $500 per year for the maintenance and education of the child. From this ruling the case was appealed to the Springfield Court of Appeals, and from the judgment of affirmance rendered therein (168 Mo. App. 639) the case was formally certified to this court on the ground that the decision rendered in said Court of Appeals was in conflict with prior rulings of the St. Louis Court of Appeals (Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362).

The errors assigned are (1) that the court was without jurisdiction in making the order modifying the decree; (2) that the defendant should have been awarded a change of venue; and (3) that the amount allowed for maintenance was excessive.

I. The matter at issue involves the construction of sections 2375 and 2381, Revised Statutes 1909. Such portions of said sections as are pertinent to the matter under review are as follows:

**Construction of Statutes.**

"Sec. 2375. When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable. . . . The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper."

"Sec. 2381. . . . There may be a review of any order or judgment touching the alimony or maintenance of the wife, or the care, custody and maintenance of the children."

Respondent contends that under these sections the judgment of divorce, which contains no reference

to the child other than to award its custody to the mother, may, upon motion subsequent to the term at which the judgment was rendered and after its satisfaction, be so modified as to require the father to provide for the child's support; and so the trial court held.

The appellant contends that upon the facts stated no such modification can be made. That if section 2375 stood alone it would authorize the court, only when the divorce was adjudged, to make such an order for the child's care, custody and maintenance as from the circumstances of the parties and the nature of the case shall be reasonable. That if the sections are read together the court is empowered to review the judgment touching the care, custody and maintenance of the child either at the time the divorce is granted or during the same term or thereafter, under the limitation of the statute, if the court has, by the terms of the judgment, retained jurisdiction of the child, and not otherwise.

Absolute divorce, as recognized by our law, and the consequent power of courts granting same to make provision for the care, custody and maintenance of minor children after marriages are dissolved, is of purely statutory creation. This, however, does not necessitate a strict construction of this class of statutes, but they should be so construed in view of the subject of legislation as to fully effectuate the purpose of their enactment (In re Morgan, 117 Mo. l. c. 254), due consideration being given of course to the rule in regard to the finality of judgments and the lack of the court's authority over same after the term when they were rendered.

In the instant case, as stated, no reference to the child appears in the decree other than to award its custody to the mother. A cursory reading of the statute would lead to the conclusion, under the state of

facts. here present, that the contention of the appellant should be sustained.

This rule of law must be borne in mind, however, that regardless of divorce proceedings, when both parents are living the primary liability for the support of a minor child is, in this State, as it was at common law, upon the father. [Viertel v. Viertel, 212 Mo. l. c. 576; Keller v. St. Louis, 152 Mo. l. c. 599.] Cases illustrating the enforcement of this liability are far more frequent as a sequel to divorce proceedings than as independent actions. The reason is obvious. The severance of the marriage relation disrupts the family, renders the support and rearing of minor children precarious, and thus militates, in the absence of remedial legislation, against the public welfare. Hence the enactment of statutes of the character here under review, which simplify procedure and obviate the expense and delay of independent actions. No difficulty is encountered in applying the statute where it is sought to ascertain and determine the limit of the father's liability for support of a minor at the time the divorce is adjudged or thereafter during the term of its rendition. The exercise of the power at the time of the adjudication, being clearly and explicitly defined by the statute, admits of no controversy, and the right of the court to modify this, as any other judgment, during the term constitutes an inherent exercise of judicial power. [Kansas City v. Woerishoeffer, 249 Mo. 1.] But a question as to the father's liability not so easy of solution is presented when we are confronted with the facts that the decree makes no reference to the child other than to award its custody to the mother and that years have flown since the term closed at which the decree was rendered.

Leaving out of consideration for the nonce the power given the trial court under section 2381, supra,

and weighing the facts in the balance of reason, it is evident that at the time of the rendition of this decree it was not contemplated or expected that the father should provide for the support of the child. While there is no evidence of collusion, it does appear that the award to the wife of $7000 cash as alimony in gross and a deed to a half of a farm which had cost the husband $25,000 was, at the time of the decree, deemed by the wife eminently satisfactory. This allowance, in view of the husband's pecuniary condition, was more than just, it was liberal. As a further circumstance showing that the support of the child was intended by the parties to be included in and made a part of the award to the mother, it appears that she rested content, raising no question as to a modification of the decree until five years after its rendition. During all of this time having the custody of the child she provided for its maintenance out of her ample allowance without protest. Much as these facts may appeal to one's sense of substantial justice as determinative of the question of the child's support, and regardless of the purpose and intention of the mother at the time of the rendition of the decree, the law regards the rights of the child as paramount to that of the parents (Tatum v. Davis, 144 Mo. App. l. c. 129), and, mindful of the primary liability of the father, we are to determine from section 2381, as supplemental to section 2375, whether the trial court possessed the power to make the modification of which the appellant complains. That the terms of the decree did not authorize an alteration therein providing for maintenance as is provided in section 2375 alone, is, we think, evident. Alteration can only be made in something then in existence; but when we consider section 2381 we find it provides, so far as the child is concerned, that "there may be a review of any order or judgment touching . . .

the care, custody and maintenance of the children.''
While it is true that there is no reference in the decree to maintenance, there is a finding therein as to custody sufficient to enable the court to retain jurisdiction of the case until the child reaches its majority. [Phipps v. Phipps, 168 Mo. App. 1. c. 702; Wald v. Wald, 168 Mo. 1. c. 384.] Custody in the statute is conjoined with maintenance, and it is no strained construction to hold, in view of the purpose of the law and the paramount rights of the child, that jurisdiction as to custody gives jurisdiction as to maintenance. This being true, we hold that the court was authorized, notwithstanding the silence of the decree and the lapse of the term, to make the modification of which appellant complains. The decrees in Lukowski v. Lukowski, 108 Mo. App. 1. c. 207, and Seely v. Seely, 116 Mo. App. 1. c. 362, provide for the custody of the children, and in so far as these cases are contrary to the ruling herein regarding the trial court's jurisdiction they are overruled.

II. There is no merit in the contention that error was committed in refusing the appellant a change of venue. The motion for the modification of the decree was but a continuation of the original action, and hence was not ''a suit'' within the meaning of the statute authorizing changes of venue. [Sec. 1927, R. S. 1909: Cole v. Cole, 89 Mo. App. 228.]

Change of Venue

III. In view of the means, in a money sense, of the appellant, we are of the opinion that the allowance for the child's support was excessive, and we so hold.

Excessive Allowance.

A recent independent action was instituted by the mother of the child here in question, to recover from the father the expenses incurred by her in the

support of the child for the period of five years in-. tervening between the date of the divorce and the institution of the instant action. A judgment was rendered in this suit in favor of the mother requiring the father to pay a gross sum of $1500 in satisfaction of her claim, or at the rate of $300 per year for the child's support. The Springfield Court of Appeals affirmed this judgment (180 Mo. App. 56). Repre- senting, as it did, actual expenditures, its finding is more than persuasive as to what the allowance per annum should have been in the case at bar. How- ever, the judgment in the independent action but serves at best as a reason by analogy in determining. what constitutes a reasonable amount to be paid by the father for the support of the child. A fact more cogent in determining this amount, and one that no court can well ignore, is the proven pecuniary condi- tion of the father. The evidence showed that while he possessed some prospectively valuable property, it was burdened with debt and that he had no ready money. Justice in a case of this character need not be tempered with mercy, but it should be adminis- tered with reason. What would constitute a reason- able judgment against a man of substantial property might prove a burden too heavy to be borne if im- posed upon one already laden with debt and besieged by creditors. These platitudes, however, are unnec- essary in the face of the plain facts.

Under all the evidence, we are of the opinion that the judgment as modified by the trial court should be reduced so as to require the father to pay the sum of $300 per annum, instead of $500 for the same period, for the support of the child, and it is so ordered. This having been done, the judgment of the trial court will be affirmed. All concur.