LUCILLE E. SWENSON, RESPONDENT, v. ROY E. SWENSON, APPELLANT.—
227 S. W. 2d 103.

Kansas City Court of Appeals. Opinion delivered January 9, 1950.

22

*Duvaul P. Strother* and *Charles M. Miller* for appellant.

*Cortner & Beals,* by/and *Dwight Beals* for respondent.

BROADDUS, J.—This is an appeal by the defendant from an order overruling his motion to quash an execution. On June 18, 1936, in the Circuit Court of Jackson County, Missouri, at Kansas City, plaintiff was granted a divorce from defendant. The decree awarded to her the care, custody and control of the minor son, George Edward Swenson, age nine years, born of the marriage. It further ordered that defendant pay to plaintiff for the support and maintenance of said minor son, the sum of $50 per month until September 1, 1940, and $100 per month thereafter until said minor son reached his

majority. Defendant made all of the payments that were required by said divorce decree up to and including the month of June, 1945. On June 25, 1945, the minor son, George Edward Swenson was inducted into the United States Army at Ft. Leavenworth, Kansas, he having previously enlisted on October 23, 1944, with the written consent of plaintiff. He remained in the Army until he was officially discharged in San Francisco on September 20, 1948, having attained the age of 21 on April 10, 1948.

Plaintiff testified that she consented to the enlistment of her son and, after his induction into the army, said nothing about expecting payments by defendant and made no request or demand for the support and maintenance of the son under the divorce decree until April 7, 1948, 3 days before the son became 21 years of age, at which time he was in the army stationed in Korea, when defendant received a letter from the attorney for plaintiff requesting payment. Plaintiff admits that she did nothing towards supporting the son while he was in the army, other than to send him small gifts. Defendant made no further payments after June 1, 1945. On May 15, 1948, plaintiff caused the execution in question to be issued. Defendant, on May 17, 1948, filed his motion to quash and set forth three grounds, the third being:

"That said judgment was rendered in favor of the plaintiff and against this defendant for support and maintenance of their minor child, George Edward Swenson, and that the said minor child became emancipated on or about the — day of September, 1944, by the enlistment of said George Edward Swenson with the consent of the plaintiff, Lucille E. Swenson, his mother, in the United States Army." As stated the court overruled said motion to quash and defendant duly appealed to this court.

Defendant contends that his motion to quash the execution should have been sustained because plaintiff admits that she consented to her son's enlistment and induction into the United States Army, and that he, thus, became emancipated on June 25, 1945, and that, thereafter, she did not have the care, custody and control of the son and was, therefore, not entitled to be paid for his support.

Plaintiff contends that the decree of divorce was final and in full force and effect until the child reached his majority, or, until modified by proper procedure, and the court had no jurisdiction to modify it retroactively. The question before us seems never to have been passed upon by the appellate courts of this state. Extensive search on our part has not disclosed a decision elsewhere determining it.

When defendant's motion to quash was overruled he filed no motion for a new trial. In view of this plaintiff says there is nothing before us except the record proper. This is a misconception of the law. (Wyoma Leather Co. v. Modern Hat & Cap Mfg. Co., 67 S. W. (2nd) 815 (Mo. App.) and cases there cited.) Plaintiff likewise

contends that defendant's appeal should be dismissed for the reason that his statement of facts is not complete. We think the statement contains a fair and concise statement of the facts without argument and, therefore, complies with Rule 1.08 of the Supreme Court.

Plaintiff relies upon the case of Nelson v. Nelson, 282 Mo. 412. She quotes extensively from that case in her brief. That leading case held that remarriage by a divorced wife does not *ipso facto* dissolve the obligation of her former husband to pay alimony, but the judgment, therefore, stands in full force until modified by the court pronouncing it. The reason underlying the court's holding in that case is that the court found the general rule to be that remarriage had no direct effect upon the judgment for alimony. This being so, it merely affords a basis upon which the court, upon application of the former husband, may modify or annul it. The court held that the term "alimony" in its true sense represents "the allowance of such a sum of money in gross or in installments as will fairly and reasonably compensate her (the divorced wife) for the loss of her support by the annulment of the marriage contract. * * * It may be deemed an assessment of damages in her favor for breach of the contract by her husband." That holding does not govern the case at bar, because here a different situation is presented. When a minor enlists in the Military Service of the Nation, it gives rise to a new relation inconsistent with the control and care of the parent. As stated in Iroquois Iron Co. v. Industrial Commission, 12 A.L.R. 925, 927: "When a minor enlists in the military service of this country, he ceases to a part of his father's family, and puts himself under the control of the government, and is consequently emancipated, so long as this service continues. 21 Am. & Eng. Law, 2d ed. 1060; Com. ex rel. Engle v. Morris, 1 Phila. 381; Baker v. Baker, 41 Vt. 55; Gapen v. Gapen, 41 W. Va. 422, 23 S.E. 579. Enlistment is a contract between the soldier and the government, which evolves a change in his status, which cannot be thrown off by him at his will. Re Grimley, 137 U.S. 147, 34 L. ed. 636, 11 Sup. Ct. Rep. 54. Emancipation works a severance of the filial relation as completely as if the child were of age."

" 'Emancipation' of a child is the relinquishment by the parent of control and authority over the child, conferring on him the right to his earnings and terminating the parent's legal duty to support the child." (Wallace v. Cox (Tenn.) 188 S. W. 611; L.R.A. 1917 (B) p. 690.)

"Where there has been a complete emancipation by express agreement a minor son occupies the same legal relation to his father as if he had arrived at full age. The legal duty of the parent to maintain and support him and defray his necessary expense is extinguished." (20 R.C.L. p. 611. See, also, 46 C. J. p. 1264, and Brosius v. Barker, 154 Mo. App. 657; 136 S.W. 18.)

Had the court in the Nelson case found that remarriage *ipso facto* dissolved the obligation to pay alimony its decision would undoubtedly have been different. Here the induction of the son into the army severed the filial relation as completely as if he had become of age. It "terminated" and "extinguished" the legal duty of the defendant to maintain and support the son. Plaintiff did not have from June 25, 1945 until April 10, 1948, the date the son attained his majority, his "care," "custody" and "control." By her written consent he had been inducted into the United States Army and, during that entire period, was supported and maintained by the Federal Government.

We think that the court erred in overruling defendant's motion to quash the execution. Any other holding would be contrary to the purpose of an award to the wife where minor children are involved. Under the settled rule in this state the primary duty to support the minor children rests upon the father. Under our statutes courts in granting divorces should make orders and provisions touching the custody and maintenance of the minor children born of the marriage. Often courts do not, and sometimes cannot do this from want of jurisdiction over the children. Thus, many cases have arisen involving the remedy available to the divorced wife in enforcing against the husband and father his duty to support the minor children in cases where the court in granting the divorce makes no provision for the custody of the children, and they remained with, and were supported by the wife, or awards such custody to the wife without making any provision for the support of the children and she supports them. Two remedies are available to her. As to future support of the children she can resort to the court which granted the decree of divorce. For a recovery of support and maintenance already furnished to the minor children she may bring a common-law action. But the only basis for an award or recovery is that she has supported and maintained the children, or will in the future.

If, as our decisions hold, an execution based upon a judgment which has been paid should, upon motion, be quashed, is there any reason why, under the admitted facts disclosed in this record the motion herein should not have been sustained? Under the law of this state the liability under the divorce decree is terminated by the child's attaining majority. Why should it not likewise be extinguished when the minor has become emancipated by reason of being inducted into the military service?

In fairness to the trial judge it should be said that the record shows that at the conclusion of the evidence he expressed his understanding of the law applicable to this case which was in exact accord with our present holding. Had a motion for a new trial been filed his attention

would, in all probability, have been called to the fact that the order overruling the motion had been entered by mistake or that, in departing from his original view, he had fallen into error.

The judgment is, therefore, reversed.   All concur.