**Lucile E. SWENSON, Appellant,**
v.
**Roy E. SWENSON, Respondent.**
No. 45278.

Supreme Court of Missouri, Division No. 2.

March 11, 1957.

Dwight Beals, Kansas City, for appellant.

Charles M. Miller, Kansas City, for respondent-defendant.

STOCKARD, Commissioner.

This is an appeal from an order denying appellant's application for a writ of *scire facias*. For the reasons subsequently stated we must necessarily conclude that this court does not have jurisdiction of this appeal. A brief statement of the facts is deemed advisable to present more clearly the basis for this conclusion.

Appellant was granted a divorce from respondent in 1936. The decree awarded to appellant the care, custody and control of a minor son, and respondent was ordered to pay to appellant for the support and maintenance of the son the sum of $50 per month until September 1, 1940, and $100 per month thereafter until he reached his majority. Respondent made all the required payments up to and including the month of June 1945. During that month the son was inducted into the United States Army, after having previously voluntarily enlisted with the written consent of appellant. The son remained in the army until after he reached his majority on April 10, 1948.

Respondent made no payments to appellant for support and maintenance of the son subsequent to June 1945, and he made no application to the court rendering the decree to modify or alter it. Three days before the son reached his majority appellant demanded payment from respondent of $100 per month for the period from July 1, 1945 to April 10, 1948. Upon respondent's refusal to make said payment, appellant sued out a writ of execution. The trial court overruled a motion to quash the execution, but the Kansas City Court of Appeals reversed, Swenson v. Swenson, Mo.App., 227 S.W.2d 103, 20 A.L.R.2d 1409, and appellant's application to transfer the case to this court was denied.

On May 17, 1955 appellant filed an application for a writ of *scire facias* to revive the judgment for support and maintenance. Respondent filed an answer in which he pleaded as an affirmative defense the ruling of the Kansas City Court of Appeals in the execution case, and contended that the prior determination by that court that he had satisfied fully the judgment insofar as there was any legal obligation on his part to do so was res judicata. In her reply appellant contended that the opinion of the Kansas City Court of Appeals was incorrect, and that it was null and void because the Court of Appeals had "amended" Section 452.070 RSMo 1949, V.A.M.S., pertaining to judgments for support and

·maintenance, and thereby had exercised powers belonging to the legislative department in violation of Art. II, Sec. 1, Constitution of Missouri, V.A.M.S. The trial court entered judgment denying and quashing appellant's application for a writ of *scire facias,* and in a memorandum stated that it was compelled to follow the decision of the Kansas City Court of Appeals in the execution case. It is from this judgment that appellant has appealed.

There is no jurisdiction in this court by reason of the amount in dispute, but appellant attempts to establish jurisdiction on the basis that this is a case "involving the construction of the Constitution * * * of this state." Art. V, Sec. 3, Constitution of Missouri. She contends that the circuit court erred in holding that it was compelled to follow the decision of the Kansas City Court of Appeals and that in denying and quashing her application for a writ of *scire facias* the trial court exercised legislative powers and "judicially amended Sections 452.070 and 452.110 RSMo 1949 [V.A.M.S.] by adjudging that when a minor is inducted into the United States Army with the consent of his mother, the father's obligation to comply with the decreed provisions of a judgment for the periodic payments for the minor child terminated retroactively to the date of induction without making application to the court for alteration of the judgment as provided in said statutes."

■ It is, of course, recognized that the appellate jurisdiction of this court to review a case because a constitutional question is involved does not depend upon the merits of the contention. Elks Investment Co. v. Jones, Mo.Sup., 187 S.W. 71, 74. However, raising a constitutional question is not a mere matter of form, but a question must really exist, Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S.W. 319, 321, which must be substantial and not merely colorable. McManus v. Burrows, 280 Mo. 327, 217 S.W. 512, 515. "The issue must possess substance. A sham or colorable constitutional issue lacks the

vitality to force jurisdiction here." City of St. Louis v. Fitch,. 353 Mo: 706, 183 S.W.2d 828, 829.

■ Pursuant to Art. V, Sec. 1, Constitution of Missouri, the judicial power of this state is vested in the courts there named, which include, among others, the circuit courts, the courts of appeals and this court. To determine what is the applicable law to a case, to apply that law, and to render judgment accordingly, are of the very essence of judicial power. Kuhnert v. United States, D.C., 36 F.Supp. 798; Howlett v. State Social Security Commission, 347 Mo. 784, 149 S.W.2d 806; Toomey v. Wells, 310 Mo. 696, 276 S.W. 64; Gaeckler v. State Social Security Commission of Missouri, 236 Mo.App. 541, 155 S.W.2d 544. When a court which has jurisdiction of the subject matter and the person determines the law applicable to a case, applies it and then renders judgment, as the circuit court did in rendering the judgment from which this appeal is taken, it is exercising that "judicial power" referred to in Art. V, Sec. 1, Constitution of Missouri even though the judgment is erroneous.

■ The basic and fundamental issue in this case is whether the circuit court reached the right result in determining what it considered to be the law applicable to this case, and if it erred it is a matter that may be corrected on appeal. Assuming, but in no way deciding or even implying, that the determination of the circuit court was erroneous, it was the result of the trial court incorrectly interpreting the law *in the exercise of its judicial power,* not because it purported to act in a legislative capacity.

There is not involved in this case the construction of any provision of the constitution. Appellant only objects to the judicial interpretation of a statute by the circuit court and to the effect given by the court to a previous decision of the Kansas City Court of Appeals. At most the determination of the issues calls for no more than the application of constitutional provisions, if even that is required, which does not invoke

the jurisdiction of this court. McClard v. Morrison, Mo.App., 281 S.W.2d 592. What appellant really contends is that an erroneous result has occurred under the judicial procedure which she initiated, and her position is that because the trial court determined the law applicable to her case adversely to her contention, it had to have "legislated" instead of "judicially interpreted" because, in appellant's opinion, no court could have reached the result it did by correctly determining and applying the applicable law. She, therefore, asks that this court on appeal determine the applicable law and then apply it in accord with her contention. In such a manner the jurisdiction of this court cannot be invoked on the basis that the case involves the construction of the constitution of this state.

This court is without jurisdiction of this appeal, and for that reason it is transferred to the Kansas City Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.