Lucile E. SWENSON, Appellant,

v.

Roy E. SWENSON, Respondent.
No. 22675.

Kansas City Court of Appeals.
Missouri.
April 7, 1958.

Dwight Beals, Kansas City, for appellant.

Charles M. Miller, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff appeals from the order and judgment which quashed and denied her application for writ of scire facias to revive judgment against defendant, her former husband, based upon accrued monthly installments for child support, and issue execution thereon. We shall set forth the basic factual course of this controversy and refer to certain appellate court determinations which have already been made respecting at least some of the inherent issues presented by plaintiff on this appeal.

On January 18, 1936, plaintiff, in the Circuit Court of Jackson County, Missouri, was granted a divorce from defendant. She was awarded custody of their son George Edward Swenson, then aged nine years. Judgment was entered in favor of plaintiff and against defendant in the sum of $50 per month from January 18, 1936 until September 1, 1940, and $100 per month thereafter until said minor child reached his majority, as and for child support. The judgment margin record shows and plaintiff concedes that the judgment was paid in full up to and including June 1, 1945. On June 25, 1945, the minor child George Edward Swenson, was inducted into the United States army and served there-

in until September 20, 1948. This young man became 21 years of age on April 10, 1948. Plaintiff consented to her son's enlistment.

Next we refer to an opinion by this court involving the same parties and styled Swenson v. Swenson, Mo.App., 227 S. W.2d 103, 20 A.L.R.2d 1409. In that opinion it was recorded and it is here conceded that defendant made no payments on the judgment after the installment due and payable June 1, 1945, which covered the ensuing month. The minor entered the armed services on June 25, 1945 and did not leave until after his 21st birthday. On May 15, 1948, plaintiff caused execution to be issued against the defendant for the unpaid installments which actually included all installments accruing from the time the son entered the military service until he became 21 years of age. Defendant moved to quash the execution. His motion was denied and he appealed. Swenson v. Swenson, supra, is the opinion of this court which resolved that appeal. On that appeal defendant asserted that the son became emancipated on his entry into the armed forces, was no longer a member of plaintiff's household, and that plaintiff was not entitled to be paid money for his support. It was plaintiff's contention that the judgment was final and could be made inoperative and ineffective only through its modification and even then not retroactively. The opinion holds that the child became emancipated when he entered the military service; that the mother consented to his enlistment, and that the legal obligation of the father to pay the installments accruing thereafter was terminated. The judgment below was reversed. Plaintiff says the appellate court judgment merely reversed the action of the trial court in refusing to quash the execution. We believe it effect was to rule that the motion to quash be sustained. It is not, we think, necessary for us to recapitulate the reasons impelling the court to the results reached. Those interested are referred to

the opinion itself which is clear and well reasoned. Motion to transfer that case to the Supreme Court was denied by this court and by the Supreme Court in 1950. That judgment, therefore, became final and is res judicata as to all issues ruled or justiciable therein.

Now as to the instant suit we find complete identity of both parties and subject matter. Plaintiff in this action seeks to recover precisely the same installments for which she sued out execution in 1948. Is the whole matter res judicata? We examine plaintiff's present assignments of error to determine if there are any additional points to be decided. Plaintiff's first point is that the court erred in quashing the writ because such a ruling is contrary to the statutory law and contrary to the rulings of the Supreme Court of Missouri, and our sister states. Secondly, she says the trial court erred when it held that a circuit court is compelled to follow a decision of this court and, thirdly, that the judgment and order are both void, being contrary to the provisions of the Constitution of Missouri.

This case was first appealed to our Supreme Court. By its opinion in Swenson v. Swenson, 299 S.W.2d 523, that court held that the cause did not involve construction of the Constitution of Missouri, as provided in Article V, Section 3 thereof, V.A.M.S., and transferred to this court. That decision disposes of plaintiff's third assignment. Regarding the second point we believe that a circuit court in this district is required to conform to and follow a judgment and mandate of this court. Certainly, we shall not reverse such a court for doing so, nor do we deem it necessary to cite authorities supporting such a conclusion. As to the first assignment of error, it is really simply a contention that the decision reached in Swenson v. Swenson, supra, and followed by the trial court is incorrect and erroneous.

■ The records of this court and the opinion itself (Swenson v. Swenson, supra) disclose that every legal question of substance which appellant is attempting to raise in this proceeding was raised, heard, considered and disposed of by that judgment. It seems that the basic question presently at issue is whether that final judgment is subject to collateral attack by a person who was party to it and by way of a contention that the opinion was erroneous. This court had full and complete jurisdiction in the first case. In our opinion the matter is res judicata and not subject to collateral attack directed against the soundness of the opinion. State ex rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S.W.2d 113. In State ex rel. Metropolitan Life Ins. Co. v. Hughes, 347 Mo. 549, 148 S.W.2d 576, 577, our Supreme Court en banc approves as sound the following: " 'It is a familiar principle of the doctrine of res judicata that even though a judgment may be erroneous (not void) so that it might have been reversed on appeal, it is nevertheless effective as a bar to further suits. 34 C.J. 768 § 1184; 15 R.C.L. 957, § 433. It is also well settled that a former judgment is a bar, not only as to all matters which were raised, but also as to all defenses which could have been raised.' "

In Autenrieth v. Bartley, 238 Mo.App. 55, 176 S.W.2d 546, loc. cit. 549, our own court said it this way: "Furthermore, it is the universal rule that the plea of res judicata applies, except in special cases, not only to points and issues upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." (Citing cases.)

Finally, Judge Hyde, speaking for the Supreme Court in McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770, loc. cit. 774, quoted with approval from another case as follows: " 'Justice demands that the litigation of a controversy must reach an end. After a case has been finally determined by this court, it is fundamental that the trial court is bound to follow our directions. After it has done so, then to permit the same controversy to be kept alive and to be repeatedly shuttled back to this court for further review and back to the trial court for further action would interminably postpone its reaching an end.' " (Citing cases.)

■ Plaintiff asserts that as the monthly installments accrued, each ripened into a final judgment, which could not be voided until there was a judicial determination of grounds for modification and a judgment for modification actually entered, which modified judgment could not be made effective retroactively; that is, erase installments which had already accrued. We have studied many of the cases cited by plaintiff from other states and find some support for this view. However, we cannot reopen, re-examine, and redetermine this particular case. If our principal case involved similar facts, similar issues and different parties we, of course, would re-examine and reconsider the legal issues and facts in such case. However, we are now confronted with the identical parties, issues and subject matter which were involved in the first action. We are presented with the exact controversy which was litigated to final judgment and was completely decided and determined by this court in Swenson v. Swenson, supra. That opinion and judgment were conclusive. The matter is res judicata. The action of the trial court in quashing scire facias and denying execution was proper.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.