**Dorothy SCHAFFER (now Dorothy Barbier) (Plaintiff), Respondent,**

v.

**SECURITY FIRE DOOR COMPANY, a corporation, Garnishee of Lloyd C. Schaffer (Defendant),**

**Lloyd C. Schaffer (Defendant), Appellant.**

No. 29982.

St. Louis Court of Appeals.

Missouri.

July 21, 1959.

Cecil Block, St. Louis, for appellant.

Charles E. Wells, St. Louis, for respondent.

RUDDY, Judge.

The trial court overruled defendant's motion to quash an execution and to recall a garnishment and he appeals. We shall refer to the respondent (wife) as plaintiff and to the appellant (husband) as defendant.

The record in this case is somewhat incomplete. While we think the record is insufficient to support several of the contentions relied on by the defendant, we do think that sufficient facts may be pieced out of the record to enable us to review the principal point relied on by him.

Plaintiff was granted a decree of divorce from the defendant on February 3, 1943, and was given custody of the two minor children born of the marriage. She was granted an award of $8 per week for the support of the two children. On June 7, 1954, the decree was modified to provide that defendant pay the plaintiff the sum of $15 per week for the support of each child. The two minor children were Gene Warren Schaffer, born August 19, 1937, and Vivian Jane Schaffer, born September 24, 1940.

The evidence offered by the defendant in support of his Motion to Quash the Execution showed that Gene Warren Schaffer, the son of the parties, entered the United States Army in October 1954. The evidence further showed that the boy left the service

of the United States Army in August or September, 1955. Plaintiff in her brief states that the boy entered the United States Army September 30, 1954, and continued in military service until September 8, 1955. Defendant testified that he faithfully and fully complied with the terms of the decree with respect to the allowances for the children's support until December 1954. At that time he stopped paying the $15 per week for the support of the boy when he heard that he was in the Army. He continued to pay $15 per week for the support of the girl, but has paid nothing since December 1954 toward the support of the boy. None of the issues presented on this appeal concerns the girl's allowance.

Defendant in the statement of facts contained in his brief states that "The evidence upon the hearing of the Motion to Quash the Execution and recall the garnishment, showed that Gene Warren Schaffer was employed and probably married at the date of the hearing on the Motion and was also living apart from respondent (plaintiff)." The record in this connection is insufficient to support that statement. The defendant testified that he believed the boy had married after he left military service. However, he was not sure and "never did verify that fact." He did not know where the boy was working and knew none of the circumstances in connection with the alleged employment of the boy. There is nothing in the record to uphold the statement of the defendant that the boy was living apart from the plaintiff when he was discharged from the Army. The only statement touching on this matter, made by the defendant, is that the boy "was staying on Kingshighway and Delmar." There is nothing in the record to show that this was not the abode of the plaintiff.

In view of the position we have taken in this appeal, disclosed by a further reading of this opinion, these matters, even though proved sufficiently, would be of no help to defendant, inasmuch as he failed to file a timely motion to modify the decree as modified, which motion, if filed, could have been based on the grounds he now asserts in support of his motion to quash the execution and recall the garnishment.

In aid of the execution plaintiff instituted a garnishment proceeding against the Security Fire Door Company, a corporation, employer of defendant.

Pursuant to the authority given under Supreme Court Rule 1.03 we requested the Clerk of the Circuit Court for the Eighth Judicial Circuit to send us a certified copy of the Decree of Divorce granted February 3, 1943, and a certified copy of the plaintiff's "Affidavit for Execution." It is alleged by plaintiff in the last named document that defendant as of July 2, 1957, was indebted to plaintiff in the sum of $1,903 on account of the judgment for the support of the boy. This sum includes support for the period when the boy was in the United States Army.

Defendant in his "Motion to Quash Execution and Recall Garnishment" states "that he is not indebted to the plaintiff in any sum whatever, having fully complied with the terms of the judgment * * *." In this court defendant pursues this same contention. In support of his point defendant asserts that the minor child involved became emancipated when he entered the military service of the United States Army; therefore, he is not required to pay to his former wife the support and maintenance installments that accrued while the boy was a member of the Armed Forces. He further asserts that the boy having been emancipated for the aforesaid reason, the father's duty to support the child is completely extinguished, relying on the case of Swenson v. Swenson, Mo.App., 227 S.W.2d 103, 20 A.L.R.2d 1409, decided by the Kansas City Court of Appeals.

The plaintiff in her brief, when discussing the Swenson case relied on by the defendant, said: "The Court held and fixed the rule of law that 'When a minor enlists in the military service of this country, he ceases to be a part of his father's family, and puts himself under the control of the

government, *and is consequently emancipated so long as this service continues.'* " Because of the holding in the Swenson case plaintiff in her brief said: "It is conceded by the respondent (plaintiff) that the appellant (defendant) is not liable for support of the minor child during the time he was in the army * * *." However, plaintiff contends that defendant is liable for the support money due after the son terminated his military service.

■ We cannot agree with that part of the holding in the Swenson case which had the effect of modifying retroactively accrued installments of child support. For this reason we feel we should not accept the concession made by the plaintiff in her brief. If we accepted her concession, we would be holding that a court has jurisdiction to modify retroactively accrued installments of child support. We do not believe such jurisdiction exists.

In the Swenson case the minor son was inducted into the United States Army on June 25, 1945, having previously enlisted with the written consent of his mother. He remained in the Army during the balance of his minority. The mother admitted she did nothing towards supporting the son while he was in the Army, other than to send him small gifts. The boy attained his majority on April 10, 1948, and was discharged from the Army on September 20, 1948. Under the decree of divorce the father of the boy was ordered to pay the mother $100 per month for the support and maintenance of said minor son. The father made all of the payments required by said divorce decree up to and including the month of June 1945.

Three days before the minor son attained his majority the mother, through an attorney, made a demand on the father for payment of the accrued installments due from June 1, 1945. On May 15, 1948, the mother caused an execution to be issued against her former husband. The husband filed a motion to quash the execution and among other grounds set forth in said motion he alleged that the minor child became emancipated when he enlisted in the Army with the consent of the mother. On his appeal from the order of the trial court overruling his motion to quash, the husband contended "that his motion to quash the execution should have been sustained because plaintiff (the wife) admits that she consented to her son's enlistment and induction into the United States Army, and that he, thus, became emancipated on June 25, 1945, and that, thereafter, she did not have the care, custody and control of the son and was, therefore, not entitled to be paid for his support." (*227* S.W.2d loc. cit. 105).

Opposed to this is the contention of the wife that the decree of divorce was final and in full force and effect until the child reached his majority, or, *until modified by proper procedure, and the court had no jurisdiction to modify it retroactively.*

The court in the Swenson case (loc. cit. 105) pointed out that the wife relied on the case of Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066. In commenting on that case the court said:

"That leading case held that remarriage by a divorced wife does not *ipso facto* dissolve the obligation of her former husband to pay alimony, but the judgment, therefore, stands in full force until modified by the court pronouncing it. The reason underlying the court's holding in that case is that the court found the general rule to be that remarriage had no direct effect upon the judgment for alimony. This being so, it merely affords a basis upon which the court, upon application of the former husband, may modify or annul it. The court held that the term 'alimony' in its true sense represents 'the allowance of such a sum of money in gross or in installments as will fairly and reasonably compensate her (the divorced wife) for the loss of her support by the annulment of the marriage contract. * * * It may be deemed an assessment of damages in

her favor for breach of the contract by the husband.' "

The court in the Swenson case went on to say that the holding in the Nelson case did not govern the case before it, because a different situation was present. The court then said: "When a minor enlists in the Military Service of the Nation, it gives rise to a new relation inconsistent with the control and care of the parent." (Citing cases.) (loc. cit. 105.) After analyzing some cases as to when emancipation takes place and its effect on the father's duty to support the child, the court then came to the following conclusion:

"* * * the induction of the son into the army severed the filial relation as completely as if he had become of age. It 'terminated' and 'extinguished' the legal duty of the defendant to maintain and support the son. Plaintiff did not have from June 25, 1945, until April 10, 1948, the date the son attained his majority, his 'care,' 'custody' and 'control.' By her written consent he had been inducted into the United States Army and, during that entire period, was supported and maintained by the Federal Government.

\* \* \* \* \* \*

"* * * Under the law of this state the liability under the divorce decree is terminated by the child's attaining majority. Why should it not likewise be extinguished when the minor has become emancipated by reason of being inducted into the military service?" (loc. cit. 106).

The court then reversed the trial court's order overruling the motion to quash the execution. This ruling had the effect of cancelling accrued installments of child support.

We think no court of this state has jurisdiction to cancel accrued and unpaid installments of support money (except where fraud is alleged in the procurement of the judgment for support) whether military service effects emancipation or not, through an order quashing an execution which has for its purpose the enforcement of the judgment for support. This is so for the reason the court has no jurisdiction to modify an award for support of a minor son retroactively. For the reason stated aforesaid we must respectfully disagree with the effect of the holding in the Swenson case, supra.

The accrued unpaid installments for the support of a minor son have the force and effect of a final judgment and may not be cancelled or modified retrospectively in a modification proceeding or in any proceeding, except, of course, in a proceeding to set aside the award because of fraud in its procurement. Any modification of the award must operate prospectively. We will proceed to demonstrate that our position is supported by the statutes and by the cases of this state and by the cases of other states with comparable statutory law.

We have pointed out that the plaintiff in the Swenson case contended the support award for the minor son was final and in full force and effect until the minor child reached his majority, or, until modified by proper procedure, and the court had no jurisdiction to modify the support award retroactively. The effect of the decision in the Swenson case, as we have said, was to modify the decree retroactively when it held that the motion to quash the execution should have been sustained. Confirming our understanding of the effect of the decision is a subsequent appeal (Swenson v. Swenson, Mo.App., 313 S.W. 2d 770) involving the same parties wherein the plaintiff (wife) appealed from an order and judgment which quashed and denied her application for writ of scire facias to revive the judgment against the defendant based upon the accrued monthly installments for the child's support. The Kansas City Court of Appeals held that the opinion and judgment in the prior appeal

were conclusive and that the matter was res judicata. The judgment of the trial court was affirmed.

If the jurisdiction to cancel accrued installments exists, such jurisdiction must be found in the statutes which gave life to the original support order.

■ "Absolute divorce, as recognized by our law, and the consequent power of courts granting same to make provisions for the care, custody, and maintenance of minor children after marriages are dissolved, is of purely statutory creation." Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032, loc. cit. 1033; Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731. To the same effect see Kaestner v. Kaestner, 228 Mo. App. 1043, 58 S.W.2d 494. The purpose of the statute is to provide a mode of procedure for obtaining maintenance for the children and for determining *in advance* the extent of the father's obligation *and the means of enforcing it against him.* Gardine v. Cottey, supra; Roberts v. Roberts, Mo.App., 292 S.W.2d 596.

■ It has been said that the simple statutory procedure, enacted in the public welfare in looking to the security of the child, is designed to obviate the expense and delay of independent actions. Robinson v. Robinson, supra; Lodahl v. Papenberg, Mo., 277 S.W.2d 548. All of the cases make it clear that the court derives its jurisdiction as to both custody and maintenance from the same statute. In Robinson v. Robinson, supra, and Thornton v. Thornton, 221 Mo.App. 1199, 2 S.W.2d 821, the courts said [268 Mo. 703, 186 S.W. 1034]: "Custody in the statute is conjoined with maintenance." From what we have said, it becomes manifest that the power and authority of the court in matters of divorce and the other matters incident thereto, such as alimony, child custody and maintenance are fixed by the statutory law and the court in making orders touching those matters must find its jurisdiction to do so in the statutes. For additional authority see

17 Am.Jur., Divorce and Separation, § 730, p. 773. The statutes become a part of a decree of divorce whether mentioned therein or not, just as completely as if they had been copied therein. State ex rel. Shoemaker v. Hall, Mo., 257 S.W. 1047. Therefore, it follows that an order for support and maintenance of children remains in full force and effect as a statutory judgment until it is modified in the way prescribed in the statutes and the court retains jurisdiction to modify until the children reach their majority.

■ Until changed, the decree is final in all respects as to the divorce, alimony, and custody of the children and their maintenance and the judgment cannot be disturbed except upon a regular proceeding and hearing for that purpose. Mahan v. Mahan, 239 Mo.App. 317, 192 S.W.2d 626; State ex rel. Tatum v. Ramey, 134 Mo. App. 722, 115 S.W. 458; Davis v. Davis, 145 Kan. 282, 65 P.2d 562.

In the case of Remmers v. Estate of Wolf, 206 Mo.App. 159, loc. cit. 166, 226 S.W. 290, loc. cit. 291, this court when discussing the installments due for a child's support said: " 'Nevertheless, such a judgment must be subject to the incidents of other judgments, except in so far as the statutes otherwise provide by expression or implication.' " In that case we relied on the case of Nelson v. Nelson, supra.

In a habeas corpus proceeding by a father to obtain possession of his minor daughter the Supreme Court of Missouri in the case of In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, loc. cit. 471, said: "An order awarding the custody of a minor child, and contained in an unappealed decree of divorce, is a final order entitled to the force and effect of a final judgment, unless and until modified by the court making the decree." In connection with this statement of the Supreme Court it must be remembered that in Robinson v. Robinson, supra, and Thornton v. Thornton, supra, it was said that "Custody in the statute is conjoined with main-

tenance." [268 Mo. 703, 186 S.W. 1034] In view of what the Supreme Court has said about the finality of an order of custody, can it be said that an order for support of the child conjoined therewith is not a final judgment until modified in a statutory proceeding for that purpose? We think the accrued installments for child support constitute a final judgment and possess all the attributes of other judgments.

In cases involving past due and unpaid installments of alimony our courts and others have said that the amount due is a fixed debt, and the wife has therein a property right which vests as the installments accrue. Nelson v. Nelson, supra; Schneider v. Schneider, Mo.App., 273 S.W. 1081; Adair v. Superior Court of Maricopa Co., 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328; 27 C.J.S. Divorce § 322.

Recently we said in the case of Hughes v. Wagner, Mo.App., 303 S.W.2d 181, loc. cit. 185, wherein the trial court had made an order modifying the decree with reference to the time for payment of child support money then in arrears, that the principles announced in the case of Nelson v. Nelson, supra, were applicable to judgments for support and maintenance of a child. We further said that the wife had a vested right in the accrued installments which the court could not impair by postponing their payment. In so holding we were cognizant of what was said by the Supreme Court in the Nelson case that "If not otherwise impelled thereto, we would be constrained to hold for reasons of public policy alone that the courts of this state have no power to revoke or modify an installment of alimony which has accrued prior to the making of application therefor." [282 Mo. 412, 221 S.W. 1070.] If the Supreme Court felt so impelled for reasons of public policy that the trial court had no power to revoke accrued installments for alimony, can it be said the Supreme Court would be less concerned when the judgment is for the support of a child?

In the case of Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68, loc. cit. 69, an execution and an order of attachment were caused to be issued by the wife based on accrued installments of maintenance for an infant child. The husband moved to quash the execution and attachment. The court adopted the rule found in 94 A.L.R. 332 which it stated as follows: "The rule in a majority of the states is that installments of alimony become vested when they become due, and the court has no power to modify the decree as to them." The court then said:

"In like tenor, we believe this rule to be applicable to installments of maintenance for an infant child. We perceive that no distinction can be made between a judgment based upon a claim for alimony or maintenance and a judgment based upon any other legal right. After the judgment is entered, although it may be subject to modification at a subsequent date, it is binding and final until modified; and any payments which may become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor."

In Hatch v. Hatch, 192 A. 241, loc. cit. 244, 15 N.J.Misc. 461, the court said: "In respect to the wife's vested right to recover arrearages, there is no distinction between permanent alimony orders and orders for the permanent maintenance of children. The authority of this court in divorce litigation to make both classes of orders is derived solely from the * * statute, * * *."

In the case of Scarlett v. Scarlett, 151 Cal.App.2d 237, 311 P.2d 188, which involved an effort on the part of the wife to recover for arrearages due for . her alimony and for the support of two children, the trial court ordered that the defendant husband pay the arrearages at the rate of $10 per month which was less than the amount of the order. The court

in ruling on this last mentioned order said: "Turning to plaintiff's final contention, it is well established that while under proper circumstances the court has the power to modify a decree as to payments to be made prospectively, but it cannot give its order of modification a retroactive effect so as to modify the amount which has theretofore accrued." (loc. cit. 189.) A similar holding may be found in Kell v. Kell, 179 Iowa 647, 161 N.W. 634.

No distinction can be made or should be made between a judgment based upon a claim for alimony and one based on maintenance of a child. As has been said, after the judgment is entered, even though subject to modification, it is binding and final until modified and any payments which may have accrued constitute a fixed and liquidated debt and is a final judgment with all the attributes of any other judgment.

If the holding in the first appeal in Swenson v. Swenson, supra, is correct, an ominous specter looms on the horizon because the courts of other states have considered the accrued installments for the support of a wife and her children as a final judgment to which full faith and credit must be given. The case of Biewind v. Biewind, 17 Cal.2d 108, 117, 109 P.2d 701, 132 A.L.R. 1264, is one of that nature, wherein the California courts gave full faith and credit to accrued installments due under an order made by a court of this state. In doing so, the California courts cited Nelson v. Nelson, supra, as its authority. Also see Buswell v. Buswell, 377 Pa. 487, 105 A.2d 608, 44 A.L.R.2d 1085.

In the case of Hagemann v. Pinska, 225 Mo.App. 521, 37 S.W.2d 463, loc. cit. 466, the wife sued out an execution for unpaid installments due under an order against a husband for the support of the children. Hagemann, the plaintiff, had purchased certain real estate from the husband and the wife in her execution levied on this real estate contending that the accrued installments unpaid were a lien on the real estate when purchased by Hagemann. This court, in discussing the difference between an award for alimony and an allowance for the maintenance of minor children said: "while the two allowances are designed to serve different purposes and to attain different results, yet the essential character of the respective judgments is the same, and language which is appropriate to the force and effect of a judgment for alimony is equally applicable to one for maintenance." In that case we held, pursuant to the statute, that an execution for accrued installments under an order for child support in the hands of the proper officer constitutes a lien on the real and personal property of the husband. In order for such a judgment to be a lien, there must be a final, valid and subsisting judgment.

We said before that if the jurisdiction to cancel accrued installments exists, such jurisdiction must be found in the statutes. We now turn to the statute involved (Section 452.070 RSMo 1949 V.A.M.S.) the pertinent part of which reads as follows: "The court, on the application of either party, *may make such alteration,* from time to time, as to the allowance of alimony and maintenance, as may be proper, * * *." (Emphasis supplied.)

In Hughes v. Wagner, supra, 303 S.W. 2d loc. cit. 184, we said that in this section of the statute "There is nothing in the language of the act which expressly confers upon the court power to revoke or modify an installment of alimony or maintenance accrued prior to the filing of an application, and every reasonable implication must be drawn against the existence of such power in the absence of clear language manifesting an intention to confer it." Also see Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061; Nelson v. Nelson, supra, and Schneider v. Schneider, supra.

The case of Green v. Green, Mo.App., 234 S.W.2d 350, was a modification proceeding involving the maintenance of two children. In the course of discussing the father's liability, we said: " * * * the fact that such liability has now ceased to exist does not in any sense relieve defendant from any liability which has already accrued. The only question is one of his further liability * * *." (234 S.W.2d loc. cit. 352.)

In an action by a wife against her husband to recover the expenses incurred by her in the maintenance of their minor children, the Supreme Court of Missouri, when speaking of the statutory method which looks to the future support of the children said: "And so the remedy by motion for alteration or review of the original decree in and by the divorce court can only operate and afford relief for the future. The altered or modified decree cannot be retroactive. 19 C.J. 359." Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, loc. cit. 768, 81 A.L.R. 875.

Statutes authorizing the courts to "alter, amend and annul" (17 Am.Jur., Divorce and Separation, § 863, p. 50) and to "amend, revise, and alter" (Adair v. Superior Court in and for Maricopa County, supra [44 Ariz. 139, 33 P.2d 996] ) do not confer power retroactively to modify provisions of a divorce decree with respect to alimony or the support of children. To the same effect see collection of cases in 6 A.L.R.2d pp. 1288, 1289.

The Supreme Court of the United States in the case of Sistare v. Sistare, supra, which involved a statute authorizing the court to "vary or modify" its previous decree, held: " * * * that nothing in this language expressly gives power to revoke or modify an instalment of alimony which had accrued prior to the making of an application to vary or modify * * *." (218 U.S. loc. cit. 22, 30 S.Ct. loc. cit. 687.)

We hold that the statutory power to "make such alteration from time to time" has reference only to the future and confers upon the court no power whatever to change what has already been done. If the court has no such jurisdiction in a proper statutory proceeding for modification, it certainly would have no such power in an action to quash an execution that has for its purpose the enforcement of the accrued installments due under the statutory judgment.

There are some cases in other jurisdictions which hold the power to cancel accrued installments of alimony and maintenance exists but, for the most part, they involve jurisdictions with statutes worded so as to expressly or impliedly confer such power.

We appreciate that what we have said and contend for is opposed to the common sense reaction of the layman, especially under the facts in the instant case but, from a practical standpoint, a procedure that would permit retroactive modification of accrued installments of either alimony or child support, absent a statute expressly authorizing it, would be a vicious practice and would lead to bad law.

We have given this case much consideration because we realize that in some cases it works a hardship on the father and husband but to relax the interpretation, as we find it in the authorities cited, of the statute involved would open the way to more and greater hardships on mothers and wives. They could never be certain of the validity and enforceability of the unpaid installments for support of a minor child committed to their custody. The only way that uniformity and stability of judgments for support of children can be maintained is to require the father of the child, when the circumstances change, such as entrance of the child into the military service, to come into court and seek modification as to future installments as soon as the new situation and change takes place. Such a course leads to orderly administration; any other to continuous trouble and turmoil. The statutory pro-

cedure for modification provides prompt relief when the circumstances change. As we said, it was intended to simplify procedure and obviate the expense and delay of independent actions. It is up to the father to act promptly. This is not a harsh requirement. The best interests of the child require that all matters concerning its support be determined in the way provided in the statute and that the matter not be left to the opinion, whim or caprice of the parties.

If the interpretation of the statute, as we find it, is not continued and followed, then why should the court not have jurisdiction to make an additional allowance in favor of the mother for expenses incurred in excess of the court's previous award and, for that matter, should not the husband be allowed to recover sums of money or installments paid that should not have been paid because of emancipation or other reasons permitting cancellation.

In the Sistare case, supra, decided by the United States Supreme Court, the court said:

"Indeed, as in principle, if it be that the power to vary or modify operates retroactively and may affect past-due instalments so as to relieve of the obligation to pay such instalments, it would follow, in the nature of things, that the power would exist to increase the amount allowed, it is additionally impossible to imply such authority in the absence of provisions plainly compelling to such conclusion. Beyond all this, when it is considered that no provision is found looking to the repayment by the wife of any instalments which had

been collected from the husband, in the event of a retroactive reduction of the allowance, it would seem that no power to retroactively modify was intended." (218 U.S. loc. cit. 22, 30 S.Ct. loc. cit. 688.)

Also see Davis v. Davis, supra.

Uncertainty, confusion and disorder result if the accrued installments for support of children may be re-examined and cancelled. However, such a result would have to be tolerated if the statute involved authorized such cancellation. As we have pointed out the statute does not permit cancellation of accrued installments.

This opinion is somewhat extended, but in view of present day conditions, when so many of our young men must serve in the military service of our country and the issue covered is likely to be presented many times in the future, we think it deserves a critical examination at this time.

The trial court was correct in overruling defendant's motion to quash the execution and recall garnishment and its judgment should be affirmed.

■ Because the conclusion arrived at herein is in conflict with the conclusion reached by the Kansas City Court of Appeals in the case of Swenson v. Swenson, Mo.App., 227 S.W.2d 103, 20 A.L.R.2d 1409, and because we deem the question dealt with herein is of general interest and importance, the cause is certified to the Supreme Court for re-examination of the existing law and for final determination.

WOLFE, P. J., and ANDERSON, J., concur.