### LUNTSFORD v. LUNTSFORD.
### No. 7377.

United States District Court
W. D. Missouri, W. D.
Dec. 19, 1953.

---

were discontinued, or rather, reduced to $20 per month, and that amount has been paid continuously up to the time of the filing of this suit. While there is some dispute in the testimony as to whether the plaintiff made demands upon the defendant for additional contributions, she claims in this suit that the cost to her for the maintenance of their son was approximately $85 per month. There was no countervailing proof that this is not a reasonable and proper charge. The defendant interposed a defense or pleads the statute of limitations as a bar.

These will be noticed.

1. The rights of the parties are controlled by the law of the State of Missouri. This means, of course, both statutory as well as the decisions of the courts. Section 457.020 RSMo 1949, V.A.M.S., specifically provides, in relation to particular provisions of the statute, "that this law shall not be so construed as to exempt the father of such minors from liability for the support of his children." Naturally, the purpose of this provision was to maintain in full force and effect the common law applying to relations of parent and child.

67 C.J.S., Parent and Child, § 15, p. 688, announces the true rule as follows:

"* * * as a general rule, sometimes declared by statute, the father is under a primary, as has been held in judicial decisions on the question, duty to support his minor children and to educate them. The duty of the father to support and educate his children exists regardless of whether there is in force a valid order of the court requiring him to do so; * * *."

It has been held in some jurisdictions that even a decree of the court which purports to relieve the father of his continuing legal duty to support his minor child is null and void. It is the further rule announced by the authorities, that the father has the duty to maintain and educate his minor child in a manner con-

William B. Chaplin, Oakland, Cal., Robert M. Coleman and Hammond C. Woods, of Kansas City, Mo., for plaintiff.

J. Barton Phelps (of Pelton & Gunther) San Francisco, Cal., and Parker & Knipmeyer, by L. L. Knipmeyer, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This case was heretofore tried to the court without the intervention of a jury. The issues are simple and the facts are hardly in dispute. The action is for the support, or rather, for necessaries, furnished to the infant son of the parties.

The plaintiff is the former wife of the defendant. They were married in Alameda, California, on May 3, 1930. There was born of the marriage, on January 28, 1934, a son, christened Everett Vernon Luntsford. On April 11, 1937 the defendant abandoned plaintiff and their child and came to the state of Missouri. On January 17, 1939, he obtained a decree of divorce in the Circuit Court of Harrison County, Missouri. Service upon the plaintiff was constructive service, that is to say, by publication. Plaintiff was not, in fact, advised of the divorce proceeding. The bonds of matrimony were annulled by the divorce decree, but no order was made for the support of the wife or the infant son. However, for a brief period after the separation, and even before the divorce, the defendant contributed for the support of his son, varying amounts, up to $65 per month. Such contributions or payments

sistent with his means and station in life.

The courts of Missouri have repeatedly spoken on the subject. In Mayes v. Mayes, 342 Mo. 401, 116 S.W.2d 1, loc. cit. 4, the Supreme Court of Missouri said:

"If there had been no allowance made in the divorce suit for support of the child, the mother, having had custody of the child and having furnished him necessary support and maintenance, could recover from the father the reasonable value thereof in a common-law action."

In the later case of Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300, the St. Louis Court of Appeals, loc. cit. 303, said in relation to the same subject matter:

" * * * it is the settled law of this state that where a divorce is granted to the parents of a minor child and the custody of the child is awarded to the mother, with no provision made in the decree for the child's support, the duty and obligation of the father to support the minor child remains as at common law, and the former wife and mother might maintain an independent action at common law for necessary expenditures made by her for the support of the child."

■■■ Numerous cases are cited in support of this rule. It follows, therefore, that the plaintiff was within her rights in instituting this suit and she is entitled under the law to maintain it. It appears furthermore that the amount sued for is within the jurisdiction of this court, and, there being a diversity of citizenship, the federal court properly is clothed with authority to decide the issues.

An important question is whether the claim is barred in whole or in part by the statute of limitations. That question, in similar cases, has been repeatedly passed on by the courts.

■■■ 2. In Craighead v. Roberts, Mo. App., 263 S.W. 536, the St. Louis Court of Appeals announced the true rule. The court in that opinion repelled the bar of the statute and even though one sided and lacking in book entries, yet it was a continuing open account upon which recovery might be had. In support of its ruling, the court cited the case of Poague v. Mallory, 208 Mo.App. 395, 235 S.W. 491, and Estes v. Hamilton Brown Shoe Co., 54 Mo.App. 543, loc. cit. 551.

In the case of Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, the Supreme Court of Missouri exhaustively considered the authorities and reached the conclusion that the wife, under circumstances such as these, not only had a right to maintain a common-law action for accumulated claims for necessities but under such circumstances the bar of the statute did not operate till the very end.

■■■ 3. The only remaining question is whether the amount sued for is reasonable. The testimony indicated that the defendant was not affluent. However, shortly after the separation, and even before divorce, he contributed up to $65 per month. This was done in 1937 when the cost of living was much less than now. Moreover, there is no countervailing proof to the effect that $85 per month would be an unreasonable contribution in view of the defendant's situation and state in life over the years. The very fact that he had not accumulated or saved money that should have been contributed would not deprive the plaintiff of her right to a judgment for a lump sum, even though it appears to be beyond the present capacity of the defendant to liquidate the amount. The defendant, of course, should have credit for the contributions made over $20 per month, as well as credit for the monthly payments. Such judgment for accumulated claims should run from the date of separation, on April 11, 1937, until the filing of this suit, on February 12, 1952, less $210 credit for payments made in excess of $20 per month and the $20 monthly payments. The allowance should be made at the rate of $65 per month, or an aggregate of $11,360.