Hallie Gail LODAHL, Appellant,

v.

Russell PAPENBERG, Respondent.

No. 44462.

Supreme Court of Missouri.

Division No. 1.

April 11, 1955.

J. Grant Frye, Cape Girardeau, for appellant.

Frank W. Jenny, James A. Cole, Union, for respondent.

VAN OSDOL, Commissioner.

In this action, instituted in the Circuit Court of Franklin County, Hallie Gail Lodahl, plaintiff, formerly the wife of Russell Papenberg, defendant, seeks the recovery of $8,700 for expenditures by her for the support of Marilyn Gay Papenberg, the minor daughter of the parties, plaintiff and defendant, who were divorced in 1943, which expenditures were allegedly made by plaintiff from and after December 21, 1945. The trial court acting on defendant's motion dismissed plaintiff's petition and she has appealed from the judgment of dismissal.

The decree of divorce was rendered by the Circuit Court of the City of St. Louis, March 11, 1943, and other and subsequent orders were entered by that court modifying the decree, which modifying orders were entered August 6, 1943, December 21, 1945, and December 6, 1946.

Plaintiff in her petition stated the substance of the original decree and of subsequently entered modifying orders, and alleged that on December 21, 1945, the decree was modified "releasing defendant from the payments of any support and maintenance for the said Marilyn Gay" and the other two minor children. Plaintiff further alleged that since December 21, 1945, defendant has not "in any wise contributed to the necessaries of life acquired for" the child Marilyn Gay; and that plaintiff has "furnished food, clothing, shelter, medical attention, entertainment,

education, and all other necessaries of life for said Marilyn Gay and defendant has refused to pay any of such or reimburse plaintiff for it."

Defendant in his motion to dismiss stated as grounds therefor that the Circuit Court of Franklin County did not have jurisdiction of the subject matter of the instant claim; that the Circuit Court of the City of St. Louis, in which the decree of divorce was granted, had and has jurisdiction of the instant action; and that the claim in this action stated "has been asserted by the action" for divorce in the court in which the divorce was granted. By this we understand defendant meant the matter of defendant's liability for the support and maintenance of the child Marilyn Gay had been adjudicated by the Circuit Court of the City of St. Louis. The motion also stated the substance of the divorce decree and the subsequent modifying orders.

The trial court heard evidence introduced by defendant in support of defendant's motion to dismiss. The evidence so introduced consisted of certified copies of the divorce decree and the several modifying orders which decree and orders were in substance as follows,

By a decree of March 11, 1943, rendered in the Circuit Court of the City of St. Louis, plaintiff was granted a divorce and the care, custody and control of Russell Joseph, seven years old, Raymond Albert, four years old, and Marilyn Gay, three years old, the minor children of the parties. In the decree it was further ordered that plaintiff should have and recover of defendant "as and for the support and maintenance of each of said minor children the sum of $8 per week, until the further order of the Court, * * *."

August 6, 1943, pursuant to a stipulation of the parties on that day filed and approved by the court, the divorce decree was modified so that from the date thereof the plaintiff should "have and recover of the defendant, as and for the support and maintenance of the three minor children,

* * * the sum of $62 per month, until said defendant is discharged from the Armed Services of the United States or until the further order of the Court, in lieu of the original award of $8 per week, for each child, * * *."

December 21, 1945, the decree of divorce as modified on August 6, 1943, was further modified, so that from the date thereof "the defendant shall be released of the payment of $62 per month for the support and maintenance of minor children Russell, Raymond and Marilyn, and that from this day forthwith said payments shall cease and determine, until the further order of the Court." And it was further ordered that "in all other respects the original decree of divorce and as subsequently modified, remain in full force and effect, * * *."

December 6, 1946, the court heard and considered a motion, filed by plaintiff, to modify the decree and overruled the same; and the court heard and considered defendant's motion to modify the decree, and ordered that the motion be sustained, "and doth further order that the decree of divorce rendered herein on the 11th day of March, 1943, * * * and as modified on the 6th day of August, 1943, * * * and as further modified on December 21st, 1945, * * * be further modified, so that from the date hereof the defendant shall have the care, custody and control of Russell Joseph and Raymond Albert, only, until the further order of the Court." And it was further ordered by the court "that in all other respects the original decree of divorce and as subsequently modified, remain in full force and effect, * * *."

It is provided by statute that, when a divorce is adjudged, the court shall make such order touching the care, custody and maintenance of a child, as, from the circumstances of the parties and the nature of the case, is reasonable. Section 452.070 RSMo 1949, V.A.M.S.

▮ A father has the primary common-law duty and obligation to support his minor children, regardless of whether

there is in force a valid order of court requiring him to do so. The order contemplated by the statute, Section 452.070, supra, is a determination of the father's liability for the support of the minor child and the order and judgment are in effect a substitution for the father's common-law liability which would otherwise exist. Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032; Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 18 A.L.R.2d 1100. In the Gardine case it was said the apparent purpose of the statute is to provide a mode of procedure for obtaining maintenance of the child and for determining in advance the extent of the common-law obligation of the father, as well as to provide the means of enforcing the obligation. The simplified statutory procedure (enacted in the public welfare and looking to the security of the child during infancy) is designed to obviate the expense and delay of independent actions. Robinson v. Robinson, supra.

 Often courts, in granting a divorce, do not (and sometimes cannot, because of want of jurisdiction) make an order providing for the support of a minor child, and in cases wherein the custody of the child has been awarded to the wife, but no provision was made for the child's support and the wife supports the child, two remedies are available to the divorced wife. One remedy is a proceeding in the divorce case, by motion or otherwise, to obtain an order providing for *future* support; and the other is by independent common-law action to recover for expenses *already incurred*. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 767, 81 A.L.R. 875. In seeking to invoke the latter remedy—an independent action to recover for expenses already incurred, the wife may resort to any court of original general jurisdiction affording appropriate venue. But, as said in the Kelly case, "The two remedies are coterminous rather than concurrent, and the one begins where the other ends. It is not a choice between remedies but a use of the remedy suitable to the facts."

 It is the majority rule, and the settled law of this state that where a divorce is granted to the parents of a minor child and the custody of the child is awarded to the mother, with no provision made in the decree for the child's support, the duty and obligation of the father to support remains as at common law; and the former wife and mother may maintain an independent common-law action for necessary expenditures made by her for the child's support. Kelly v. Kelly, supra; Mayes v. Mayes, 342 Mo. 401, 116 S.W.2d 1; Marley v. Marley, 356 Mo. 870, 204 S.W.2d 261; Broemmer v. Broemmer, Mo. App., 219 S.W.2d 300; Swenson v. Swenson, Mo.App., 227 S.W.2d 103, 20 A.L.R.2d 1409; Luntsford v. Luntsford, D.C., 117 F.Supp. 8; cases collated in the Annotations 15 A.L.R. 569, and 81 A.L.R. 887; 27 C.J.S., Divorce, § 319c, p. 1199.

What was the legal effect of the divorce decree and subsequent orders, particularly with respect to the support and maintenance of Marilyn Gay?

Now, if the original provision in the decree awarding support and maintenance in the sum of $8 per week governs and measures defendant's liability since December 21, 1945, plaintiff may not maintain the instant independent action. (The petition in the instant case prayed for no relief with respect to, and we are not herein concerned with the support of the other two minor children, and we may assume defendant is fulfilling his common-law obligation by supporting these two children, the custody of whom was awarded to him by the order of December 6, 1946.)

 The determination of the legal effect of the decree and modifying orders is, of course, a legal question and in determining their legal effect we shall examine the decree (and modifying orders) as a whole. State ex rel. Anderson Motor Service Co. v. Public Service Commission, 348 Mo. 613, 154 S.W.2d 777, Id., 234 Mo. App. 470, 134 S.W.2d 1069; 49 C.J.S., Judgments, § 436, p. 862.

 The divorce decree originally made provision for the care, custody and support of the three minor children of the parties, and the modifying order of August 6, 1943,

changed but continued the provision for the support of the children by granting a stated allowance until defendant was discharged from military service. These provisions of the decree and the order of August 6, 1943, signify the court's original cognizance of the infancy of the children and of the court's statutory duty to make an order touching their care, custody and maintenance. The modifying order of December 21, 1945 (providing that defendant should be released of the payments of the allowance as granted August 6, 1943, and that such payments should cease and determine [and the subsequently entered modifying order of December 6, 1946]) was silent as to the future support of the children in the sense that it did not therein *expressly* provide for future maintenance, nor did it *expressly* provide that the order in the original decree was to be the further admeasurement of defendant's common-law obligation in the then circumstances of the parties. But it seems that by the order of August 6, 1943, a provisional, temporary or interim admeasurement of $62 per month was set in "*until said defendant is discharged from the Armed Services*" or until the further order of the court. This substitutional measure of defendant's obligation was no doubt called for because of the circumstance that defendant was entering military service. It was "in lieu of" the original award of $8 per week for each child as provided in the original decree. We believe the court intended to do no more than approve the parents' stipulation for the "time while defendant was in military service." Now, in the order of December 21, 1945, it was ordered that defendant should be released of the payment of $62 per month and that such payment should cease and determine, but it was further ordered that in all other respects the original decree of divorce and as subsequently modified should remain in full force and effect.

Having read the decree and subsequent orders and having considered them in combination and together or as a whole, we believe they manifest by every reasonable intentment that the Circuit Court of the City of St. Louis again recognized and in effect continued the allowance for the support of the children as made in the original decree. This interpretation, which seems to us to be the correct one, is in harmony with the objects and purposes of the litigation, and with the court's duty to enter orders making provision for the care, custody and maintenance of the minor children in such litigation.

 The order and judgment of dismissal should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.