**Cheryl Lynn Sullivan DAVIS,
Appellant,**

v.

**William Phillip SULLIVAN,
Respondent.**

**No. WD 40689.**

Missouri Court of Appeals,
Western District.

Dec. 6, 1988.

**496**

William Robert Merryman, Emily S. Fowler, Kansas City, for appellant.

Paden, Welch, Martin & Albano, P.C., John W. Dennis, Jr., Independence, for respondent.

Before LOWENSTEIN, J., TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Cheryl Lynn Sullivan Davis appeals from two orders of the trial court. The first was a dismissal of her motion for modification of a Kansas divorce decree. The court dismissed that motion under the doctrine of full faith and credit. The second is a dismissal of Ms. Davis' petition for necessaries. The judgments are affirmed.

Cheryl Davis and William Sullivan obtained a decree of divorce on May 24, 1971, from the District Court of Wyandotte County, Kansas. Subsequent to the entry of the decree of divorce there were three additional journal entries concerning child custody and support: on August 17, 1977, Cheryl Davis was awarded custody of the minor child, Chrisa Kathleen Sullivan, born June 3, 1967, and William Sullivan was ordered to pay the sum of $30 per week as child support; on July 25, 1980, the child support amount was reduced to $25 per week; on April 9, 1981, the child support was set at an amount of $1,150 per year. Chrisa moved with her mother to Missouri in August of 1977. Chrisa became eighteen, emancipated under Kansas law, on June 3, 1985.

On May 25, 1985, Ms. Davis petitioned the Circuit Court of Jackson County, Missouri, for registration of the Kansas decree. The court ordered registration of the Kansas judgment in June of 1985.

On May 31, 1985, Ms. Davis filed a motion to modify the Kansas decree, requesting an increase in child support to $500 per month. At the time of filing, the minor child Chrisa was seventeen years of age. Mr. Sullivan, who remained domiciled in Kansas, filed a motion to dismiss and a motion to set aside the registration of foreign judgment. On December 13, 1985, Ms. Davis filed a petition for necessaries, which was dismissed on February 27, 1986. Mr. Sullivan's motion to dismiss the petition for registration of foreign judgment was overruled in February of 1986.

In January of 1988, Ms. Davis sought leave to amend her motion to modify and added a second count for necessaries. In her petition for necessaries, Ms. Davis requested reimbursement for necessaries in

the amount of $25,000 for monies expended from June 3, 1985, to the date of filing the petition. The court permitted the amendments which were then filed. Mr. Sullivan filed a motion to dismiss the motion to modify. The motion to dismiss was granted on March 1, 1988. Also on motion of Mr. Sullivan, the trial court later dismissed the petition for necessaries. Ms. Davis timely appealed from the orders.

Ms. Davis first contends that the trial court's dismissal of her amended motion to modify was error. The question is the effect of a prior judgment which is not modifiable in the state of rendition.

■ As to maintenance and support awards which have become due prior to the filing of a motion to modify, full faith and credit requires that no modification be made unless allowed by the state of rendition. This court is bound by the holding of *Yarborough v. Yarborough*, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933). In *Yarborough*, the U.S. Supreme Court reversed the Supreme Court of South Carolina and held that South Carolina courts were precluded by full faith and credit from modifying a Georgia child support order which was nonmodifiable under Georgia law. *Id.* at 212–13, 54 S.Ct. at 185. The Superior Court of Fulton County, Georgia, rendered a decree of divorce in 1929 and ordered the husband to establish a trust for the support of the minor child born of the marriage. Under Georgia law, payment of lump sum child support relieved the father of an obligation further to support the minor child. In 1930, the minor child, then sixteen years of age, was living with her maternal grandfather in South Carolina. Suing by him as guardian ad litem, the child brought an action in the South Carolina court to require her father, still a resident of Georgia, to make provision for her education and maintenance. She alleged that she was then ready for college and "without funds and, unless the defendant makes provision for her, will be denied the necessities of life and an education, and will be dependent upon the charity of others." *Id.* at 204, 54 S.Ct. at 182. The South Carolina court denied the father's contention that it was

barred full faith and credit from modifying the Georgia decree. The United States Supreme Court reversed the South Carolina court. The Supreme Court held that the full faith and credit clause applies to an "unalterable decree of alimony for a minor child." *Id.* at 213, 54 S.Ct. at 185. The court found that the mere fact of the child's residence in South Carolina did not confer upon South Carolina the power to impose an additional duty upon the father who was not a resident and who had long been domiciled in Georgia. *Id.* at 212, 54 S.Ct. at 185. The court held that the father had fulfilled the duty which he owed his daughter by the law of his domicile and the judgment of its court, upon which he was entitled to rely. *Id.; see also Reardon v. Reardon*, 689 S.W.2d 127, 129 (Mo.App. 1985); *Hartman v. Hartman*, 602 S.W.2d 932, 935 (Mo.App.1980).

■ The judgment which Ms. Davis seeks to have modified is a Kansas divorce decree entered in 1971. Under Kansas law, a child of eighteen years is emancipated. KAN.STAT.ANN. § 60–1610(a) (Supp.1987); *Brady v. Brady*, 225 Kan. 485, 492, 592 P.2d 865, 871 (1979). Chrisa became eighteen on June 3, 1985. Although Ms. Davis and Chrisa are now residents of Missouri, Mr. Sullivan remains a resident of the State of Kansas. Mr. Sullivan has fulfilled his duty to pay child support under the Kansas decree. Thus, under *Yarborough*, the modification is barred by the full faith and credit clause.

Ms. Davis relies on *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.App.1982). The court in *Thompson*, building from the dissenting opinion of Justice Stone in *Yarborough*, carved an exception to the holding of *Yarborough* and permitted a Missouri court to modify a Kansas decree where, at the time of modification, the father, mother, and children had all become residents of Missouri. Consequently, according to the reasoning of *Thompson*, Missouri was the only state with any continuing interest in the matters pertaining to the Thompson family. *Thompson*, 645 S.W.2d at 87.

Ms. Davis' reliance upon *Thompson* is misplaced. The narrow exception to *Yar-*

*borough* turned exclusively upon the emphasis on the parties' common domicile. In the present case, however, Mr. Sullivan's domicile has remained in Kansas. Consequently, *Thompson* does not apply.

Ms. Davis also relies upon the Uniform Child Custody Jurisdiction Act, sections 452.440–452.550, RSMo 1986, which gives jurisdictional preference to the state of the child's domicile in custody determinations. § 452.450. The Act, however, expressly states that it does not apply to judgments relating to child support or any other monetary obligation of any person except when that issue is ancillary to a custody determination. § 452.445(1). No custody determination is at issue in the present case; thus, the statute is not applicable here.

Because Mr. Sullivan's child support obligation to Ms. Davis has been fulfilled under the Kansas decree which is entitled to full faith and credit, the trial court was correct in dismissing Count I of Ms. Davis' motion to modify.

Again relying on *Thompson*, Ms. Davis claims that the trial court erred in dismissing her petition for necessities. If Kansas makes no provision for support for a child between the ages of eighteen and twenty-one, she asserts, then she may request reimbursement for necessaries until the age of majority in Missouri, which has a greater interest in the child. She contends that Kansas law and the Kansas decree should not impair her right to pursue a separate common-law cause of action in Missouri. Ms. Davis would urge this court to find that the alleged interests of the state and the minor child should override the constraints of the full faith and credit clause.

■ Although Missouri has acknowledged that a common-law cause of action for child support exists independent of the statutory duty of support, *Lodahl v. Papenberg*, 277 S.W.2d 548 (Mo.1955), there is no authority which suggests that an action for necessaries should be permitted to supplement a judgment entered pursuant to a statute. Although not in the context of the full faith and credit question, Missouri has recognized that a judgment for child support granted pursuant to a divorce statute is in effect substituted for the common-law liability of support which would otherwise exist. *Gardine v. Cottey*, 360 Mo. 681, 710, 230 S.W.2d 731, 749–50 (banc 1950). The purpose of the statute apparently is to provide a mode of procedure for obtaining maintenance for a child and for determining in advance the extent of the common-law obligation of the father and the means of enforcing it against him. *Id.*

■ Moreover, the essence of Ms. Davis' request is that this court disregard *Yarborough*. The facts in *Yarborough*, however, are strikingly similar. Briefly to reiterate and summarize, the cause of action in *Yarborough* was a common-law action for monies for a child's education and necessities. The parents were divorced in the State of Georgia where the father was ordered to pay child support. The child subsequently became a resident of South Carolina where she, through her guardian ad litem, brought the common-law action. Under Georgia law, the father had fulfilled the duty owed his child by the law of his domicile and the judgment of the Georgia court. The United States Supreme Court held that, regardless of the child's residency in a state in which such an action for support might be maintained, the father had the right to rely on the fact that he had fulfilled his child support obligation under the law of the rendering state. *Yarborough*, 290 U.S. at 212, 54 S.Ct. at 185. In the context of Ms. Davis' request for reimbursement for necessaries, the facts of this case are controlled by *Yarborough*.

As to the petition for necessaries, Mr. Sullivan has fulfilled his child support obligation under Kansas law. KAN.STAT.ANN. § 60–1610(a); *Brady*, 225 Kan. at 492, 592 P.2d at 871. In Kansas the child has reached majority for purposes of either statutory or common-law support. If Ms. Davis cannot extend the time for child support by modification, she cannot do so by common law because the determination of age of majority applies to each. The law of the State of Kansas is entitled to full faith and credit as to both the motion to modify and the petition for necessaries.

The judgments of the trial court are affirmed.

All concur.