Debra J. SMITH (Hoyle), Respondent,

v.

Noel Kenneth SMITH, Appellant.

No. WD 56274.

Missouri Court of Appeals,
Western District.

May 16, 2000.

Nicholas L. Swischer, Nevada, for appellant.

James R. Bickel, Nevada, for respondent.

Before ULRICH, P.J., EDWIN H. SMITH, J. and HOWARD, J.

ULRICH, Presiding Judge.

Noel Smith (Father) appeals the judgment of the trial court on Debra Smith's (Mother) motion to reinstate child support after the parties' children had been emancipated and child support had terminated. The judgment appealed awarded Mother $2550 and ordered Father to hold Mother harmless for one-half of medical expenses totaling $20,601.53 incurred by one child after January 1, 1997. Father also appeals the judgment of the trial court denying his claim against Mother for reimbursement of child support paid after the parties' two children were emancipated. The judgment of the trial court is reversed, and the case is remanded with directions.

Father and Mother were divorced in April 1981. Mother was awarded sole legal and physical custody of the parties' two minor children, Jennifer Smith and Rebekah Smith, and Father was ordered to pay $50 per month per child as child support. Eventually, Father's monthly child support obligation increased to $150 per child.

In August 1996, the parties' younger daughter, Rebekah, then sixteen years old, moved out of Mother's home and began a relationship with a married man. In September 1996, after completing one year of college, Jennifer, the parties' older daughter, moved in with her forty-seven year old boyfriend. In January, Mother sent a letter to the clerk of the circuit court indicating that both Jennifer and Rebekah were emancipated as of January 1, 1997, and that child support from Father would no longer be required. Thereafter, Father discontinued his child support payments.

That summer, Mother hospitalized Rebekah in a drug rehabilitation program for approximately one month incurring over $25,000 in medical bills. After Rebekah was released from the hospital, she returned to Mother's home until May 1998. Because Rebekah had returned home, Mother filed a motion to reinstate child support in September 1997. In the motion, Mother requested the court to reinstate the child support order and order Father to pay a portion of Rebekah's medical expenses incurred that summer and a portion of Jennifer's college expenses. In response, Father filed a crossclaim requesting reimbursement of child support paid from September through December 1996 after the children were emancipated.

Following a hearing on Mother's motion and Father's counter motion, the trial court entered its judgment awarding Mother $2550, the amount of the federal income tax deduction taken by Father for Jennifer, and ordering Father to hold Mother harmless for one-half of Rebekah's medical expenses totaling $20,601.53. The court denied all other relief requested by the parties. This appeal by Father followed.

[1] Review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Thus, the judgment of the trial court will be affirmed on appeal unless no substantial evidence supports it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

I.

In his first point on appeal, Father claims that the trial court erred in ordering him to hold Mother harmless for one-half of medical expenses totaling $20,601.53 incurred by Rebekah after January 1, 1997, based on a common law duty to support the child. He correctly contends that any common law duty to support the child ended upon her emancipation.

Chapter 452 of the Missouri Revised Statutes governs a parent's duty to support the parent's child. The purpose of the chapter is to provide a procedure for obtaining maintenance for the child and for determining in advance the extent of the common law obligation of the parents and the means of enforcing it against them. *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731, 750 (Mo. banc 1950); *Davis v. Sullivan*, 762 S.W.2d 495, 498 (Mo.App. W.D.

1988). A judgment for child support granted pursuant to Chapter 452 is substituted for the common law liability for support that would otherwise exist. *Lodahl v. Papenberg*, 277 S.W.2d 548, 551 (Mo.1955); *Gardine*, 230 S.W.2d at 750; *Davis*, 762 S.W.2d at 498. A custodial parent, therefore, has a common law right to recover from the noncustodial parent the necessary and reasonable support and maintenance furnished by the custodial parent for a child only where a custody decree is silent as to child support or where a child support judgment has become ineffective. *In re Marriage of D.M.S.*, 648 S.W.2d 609, 615 (Mo.App. W.D.1983); *Pourney v. Seabaugh*, 604 S.W.2d 646, 650 (Mo.App. E.D. 1980). The statutory child support provision invoked by a proceeding in dissolution of marriage, or subsequent motion, is for future support, and the independent common law action is for expenses already incurred. *Lodahl*, 277 S.W.2d at 551. The two remedies, statutory and common law, are coterminous and not concurrent, one beginning where the other ends. *Id.* Use of the appropriate remedy is determined by the facts. *Id.*

■ Section 452.370.4 [1] provides that a parent's duty to support the parent's child is "terminated by emancipation of the child." § 452.370.4. Emancipation is the "freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." *Ragan v. Ragan*, 931 S.W.2d 888, 890 (Mo.App. S.D.1996)(quoting *In re Marriage of Hughes*, 773 S.W.2d 897, 899 (Mo.App. S.D.1989)). "The purpose of this statutory provision is to 'make it absolute' that unless there are contrary provisions in the dissolution decree or the separation agreement, the child support obligation ends upon the child's emancipation and does not automatically continue during the child's minority." *Ragan*, 931 S.W.2d at 890.

■ In this case, an effective child support judgment entered pursuant to Chapter 452 existed. The trial court found that Jennifer was emancipated in September 1996 and that Rebekah was emancipated in August 1996. Neither party disputes the validity of the findings of emancipation. The court's findings of emancipation under section 452.370.4 terminated Father's duty to support Jennifer and Rebekah "for all the period of [their] minority." *Ragan*, 931 S.W.2d at 890. The existence of the judgment finding that the parties' daughters were emancipated extinguished Mother's common law action for the daughters' necessaries. The trial court, therefore, erred in its application of the law in ordering Father to hold Mother harmless for one-half of Rebekah's medical expenses incurred after her emancipation.

## II.

■ In his second point on appeal, Father claims that the trial court erred in awarding Mother $2550, the amount representing the income tax deduction Father took for Jennifer in 1997 on his 1996 federal income tax return. Evidence presented at trial revealed that because Father's income was less than Mother's, Mother and Father agreed that Father would claim Jennifer as a dependent on his 1996 federal tax return so that Jennifer would qualify for a larger student loan. Mother also claimed at trial that Father agreed to pay off the student loan for Jennifer's 1997–1998 school year in return for taking the tax deduction but did not fulfill this promise. Father denied making such an agreement. The trial court found that Father was unjustly enriched in 1997 by $2550, "the amount of the tax deduction which he received which he was otherwise not entitled to and for which he gave up nothing." Father claims that the court erred in making the award based on unjust enrichment because Mother did not plead unjust en-

---

1. All statutory references are to RSMo Cum. Supp.1998 unless otherwise indicated.

richment. Father also argues that even if the issue was properly before the court, the court erred in awarding $2550, the amount of the deduction, because the deduction resulted in net tax savings to him of only $407.

In her motion to reinstate child support, Mother requested the court to order Father to pay a portion of Jennifer's college expenses. Mother's claim that Father owed her financial compensation because Father was unjustly enriched by taking a deduction for Jennifer as a dependent child on his 1996 federal income tax return, however, was not specifically pleaded by Mother in her motion. Nevertheless, the issue of unjust enrichment was tried by consent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 55.33(b); *Land Improvement, Inc. v. Ferguson*, 800 S.W.2d 460, 463 (Mo.App. W.D. 1990). Both parties in their opening statements referred to the issue of the dependent child deduction. Furthermore, both Mother and Father testified at trial concerning the issue. Father never objected to evidence on the issue on the ground that it was not within the issues defined by the pleadings. The issue of unjust enrichment was, therefore, properly before the trial court.

Unjust enrichment occurs when a person retains and enjoys the benefit conferred upon him without paying its reasonable value. *Landmark Systems, Inc. v. Delmar Redevelopment Corp.*, 900 S.W.2d 258, 262 (Mo.App. E.D.1995). A person who has been unjustly enriched at the expense of another is compelled to make restitution to the other. *Venture Stores, Inc. v. Pacific Beach Co., Inc.*, 980 S.W.2d 176, 186 (Mo.App. W.D.1998). The essential elements of an unjust enrichment claim are: (1) a benefit conferred on a plaintiff by a defendant, (2) the defendant's appreciation of the fact of the benefit, and (3) the defendant's acceptance and retention of the benefit in circumstances that would render that retention inequitable. *Id.* The measure of recovery in an unjust enrichment action is not the actual amount of the enrichment, but the amount of the enrichment, which, as between the parties, would be unjust for one party to retain. *Johnson Group, Inc. v. Grasso Bros., Inc.*, 939 S.W.2d 28, 29 (Mo.App. E.D.1997).

In this case, the evidence was undisputed that the parties agreed that Father would take the income tax deduction for Jennifer on his 1996 tax return, a deduction Mother was entitled to as the custodial parent. *See Jordan v. Jordan*, 984 S.W.2d 878, 883 (Mo.App. W.D.1999). The evidence was disputed, however, about whether Father promised to help pay Jennifer's student loans. Mother testified that Father made such agreement. Father denied that he did. Father did not pay any of Jennifer's student loans. The credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness's testimony. *House v. Director of Revenue, State of Missouri*, 997 S.W.2d 135, 139 (Mo.App. S.D.1999). Based on its judgment, the trial court apparently believed that Father agreed to help pay off Jennifer's student loans in exchange for claiming her as a dependent child on his 1996 income tax return. A benefit was, therefore, conferred on Father by Mother, the retention of which would have been inequitable under the circumstances.

The trial court, however, erred in awarding Mother $2550, the amount of the tax deduction. The amount of the enrichment, which, as between the parties, would have been unjust for Father to retain, was not the amount of the deduction. The amount of recovery to be experienced by Mother is not the actual amount of the enrichment received by Father but is the amount of the enrichment that, as between the parties, would be unjust for Father to retain. *Zipper v. Health Midwest*, 978

S.W.2d 398, 412 (Mo.App. W.D.1998). That sum is determined by figuring the benefit Mother would have experienced on her 1996 tax returns had she declared the parties' child as her dependent provided the amount realized does not exceed the amount of the benefit Father received by declaring the child his dependent on his 1996 income tax returns. The benefit conferred on Father by Mother was not $2550 but rather the tax savings he enjoyed as a result of the extra deduction from gross income. Neither evidence of such tax savings experienced by Father nor evidence of what Mother's tax benefit would have been had she declared the parties' child her dependent on her 1996 income tax returns was presented at trial. The cause is, therefore, remanded to the trial court for receipt of additional evidence and for determination of the proper measure of recovery.

### III.

■ In Father's last point on appeal, he claims that the trial court erred in denying his claim against Mother for reimbursement of $1200 for child support paid after the two children were emancipated. Father contends that under section 452.370.4, Mother's failure to immediately notify him of the children's emancipation compels Mother's liability for the overpayment.

■ Section 452.370.4 provides:

Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support shall have the duty to notify the parent obligated to pay support of the child's emancipation and failing to do so, the parent entitled to receive child support shall be liable to the parent obligated to pay support for child support paid following emancipation of a minor child, plus interest.

§ 452.370.4. The use of the word "shall" in section 452.370.4 indicates a mandatory duty of the custodial parent to notify the noncustodial parent when a child may be emancipated. *Wyrick v. Coles,* 834 S.W.2d 910, 913 (Mo.App. W.D.1992); *Blackman v. Blackman,* 767 S.W.2d 54, 61 (Mo.App. W.D.1989). Where a custodial parent fails to give the required notice, the parent is responsible for child support paid subsequent to the actual date of emancipation as found by the trial court. *Wyrick,* 834 S.W.2d at 913.

In this case, the record reveals that Rebekah moved out of Mother's house, was no longer dependent on Mother, and began a conjugal relationship with a man in August 1996. In September 1996, her sister, Jennifer, moved from Mother's home and moved in with her forty-seven year old boyfriend. Jennifer, too, was no longer dependent upon Mother. In January 1997, Mother notified the clerk of the circuit court that the children were emancipated and that child support from Father was no longer required. Nothing in the record indicates that Mother notified Father in the fall of 1996 that the children had moved from her home, were no longer dependent on Mother, and may be emancipated. Father paid child support in the amount of $150 per child per month (for a total of $1350) between August 1996 and January 1997. Mother returned $150 to Father during this time.

The trial court found that Rebekah was emancipated in August 1996 and that Jennifer was emancipated in September 1996. The court also found that the child support paid by Father in the fall of 1996 was either refunded to him or "passed on to the children as gifts from Dad." The court concluded, "In light of the large expenses [Mother] has under taken voluntarily on behalf of the children it would be unjust and inappropriate for a court of equity to order reimbursement." Under a correct application of the law, however, Mother is liable to Father for child support paid to her following emancipation of Rebekah and Jennifer despite Mother's voluntary assumption of large debts in behalf of her

emancipated daughter where Mother failed to notify Father of the children's emancipation. Although the evidence revealed that Mother gave some of the money paid by Father for child support to her daughters after they moved out, no evidence was presented that Mother notified Father of the children's emancipation before January 1997 or that Father consented to the Mother's giving the children his child support payments. The trial court erred, therefore, in denying Father's claim against Mother for reimbursement of $1200 for child support paid after the two children were emancipated.

The judgment of the trial court is reversed, and the case is remanded to the trial court for receipt of additional evidence and determination of the proper measure of recovery under Mother's unjust enrichment claim and for entry of a judgment in favor of Father for $1200 for reimbursement of child support paid after the emancipation of Rebekah and Jennifer.

EDWIN H. SMITH, J. and HOWARD, J. concur.