

# In the Missouri Court of Appeals Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| KIMBERLY LYNN ROBERTS, | ) | No. ED106349 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| v. | ) | |
| | ) | |
| JAMES CHRISTOPHER ROBERTS, | ) | Honorable Gregory K. Allsberry |
| | ) | |
| Respondent/Respondent. | ) | Filed: June 28, 2019 |

## Introduction

Kimberly Lynn Roberts (Mother) appeals from the trial court's order of October 28, 2015, granting James Christopher Roberts's (Father) Motion to Set Aside Default Judgment. Because the appeal of the trial court's order was untimely, we dismiss Point I for lack of jurisdiction. Mother also appeals the trial court's June 9, 2017 Judgment granting Father's motion for unjust enrichment and awarding him $3,777 for overpayment of child support. We reverse and remand.

## Factual and Procedural Background

Mother and Father were married on April 12, 2002. They separated on October 30, 2014, and Mother filed her petition for dissolution on February 9, 2015. In addition to her petition, Mother filed a motion for temporary child support and attorney's fees, which requested child support retroactively to October 30, 2014. Father was served with the petition on March 3, 2015.

Mother filed a Notice of Hearing on April 7, 2015, with the hearing on her petition set for May 6, 2015. Father did not file an answer to the petition and did not appear for the hearing. The court entered a default judgment on May 6, 2015. The default judgment ordered Father to pay $671 per month in child support and granted Mother's request for retroactive child support beginning November 1, 2014.

Father began paying child support in June 2015. For the month of June, Father paid $335.50, half of the ordered support. Father paid $671 for child support in July-October 2015. Father did not pay any of the child support ordered retroactively.

On September 28, 2015, Father filed a motion to set aside the default judgment of May 6, 2015. A hearing was held on Father's motion on October 27, 2015. The trial court entered an order granting Father's motion to set aside the default judgment on October 28, 2015. A termination of withholding order was processed on October 29, 2015, and Father did not pay any child support in November-December 2015.

On January 26, 2016, a consent *pendente lite* order (PDL order) was entered. The PDL order stated Father was to pay Mother $440 per month for child support "as of today." However, Father did not pay child support in January 2016, and paid only $220 for February 2016. Beginning in March 2016, Father began abiding by the PDL order and paying Mother $440 per month for child support.

A settlement agreement was reached between Mother and Father in early November 2016 and was entered in the record on November 7, 2016. According to the settlement agreement, Father would pay Mother $251 per month for child support. The Judgment, Order and Decree of Dissolution of Marriage was entered on January 29, 2017. In the Judgment, the trial court ordered Father to pay Mother $251 per month in

child support for the two children, effective November 7, 2016. Nothing in the order indicated Father was to be credited for any previous child support payments.

There were no after-trial motions filed by Father. Rather, on March 15, 2017, Father filed a Motion for Contempt and Unjust Enrichment. In his motion, Father argued Mother was in contempt for failing to "sign and submit the settlement documents to the Court within the fifteen days from the day it was spread on the record, as ordered by the Court." Father argued Mother was unjustly enriched because he had involuntarily overpaid child support and Mother's acceptance and retention of the additional child support was unjust.

Father claimed there were two periods in which he involuntarily overpaid child support. First, Father claimed he overpaid $3,019.50 for the payments he made during the time the initial judgment was in effect due to his default because he was able to successfully have the default judgment set aside. Second, Father claimed he overpaid child support from November 2017-January 2018 because the money he paid during this time was the amount he was ordered to pay under the PDL order, which was more than the amount the final judgment required he pay.

On May 17, 2017, the trial court heard arguments from Mother and Father and took the matter under advisement. On June 13, 2017, the trial court entered a judgment finding Mother was not in contempt, but had been unjustly enriched. Based on a calculation provided to the trial court from a court clerk, the trial court ordered Mother to pay Father $3,777 as a result of her retention of Father's child support payments. In its judgment, the trial court stated,

> In this case, Mother might be faulted for the delay in entry of the January 29, 2017 judgment, but she certainly is not at fault with respect to the first

3

overpayment.  The precise issue, however, is not whether Mother is at fault for the overpayment, but rather, whether it was just and equitable that she be allowed to retain the overpayments.  This court finds that it is not.

The trial court did not provide any reasoning as to why it was not just and equitable for Mother to retain the child support payments.

Mother filed a motion to amend the judgment on July 7, 2017, arguing that Father had failed to raise the issue of equitable abatement of child support in any of his pleadings in the dissolution case, and thus could not be granted recoupment on such basis.  Mother also argued it would be inequitable for her to have to pay back the child support, as the money was used for support of the children and not maintenance for herself.  The trial court denied the motion on August 9, 2017.

On February 8, 2018, Mother filed a Motion to Seek Special Order Permitting Late Filing of Appeal and attached the June 13, 2017 Judgment.  This Court granted Mother leave to file a late Notice of Appeal.  On March 13, 2018, Mother filed her notice of appeal, again referencing the June 13, 2017 Judgment.  This appeal follows.

## Points on Appeal

In her first point on appeal, Mother claims the trial court erred and abused its discretion in granting Father's Motion to Set Aside Default Judgment because Father failed to state facts constituting a meritorious defense and showing good cause as to why the motion should be granted.

In her second point on appeal, Mother claims the trial court erred and abused its discretion in granting Father's motion for unjust enrichment because Father failed to prove Mother was enriched by the child support payments, her enrichment was at the

4

expense of Father, and it would be unjust for her to retain the child support payments, in that the trial court's ruling is not supported by substantial evidence.

## Discussion

### Point I

Mother alleges the trial court erred in setting aside the May 6, 2015 default judgment because Father failed to establish a meritorious defense or good cause. We must dismiss Point I for lack of jurisdiction.

"The timely filing of a notice of appeal is a jurisdictional requirement. If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." Popular Leasing USA, Inc. v. Universal Art Corp. of NY, 57 S.W.3d 875, 877 (Mo. App. E.D. 2001) (internal citations omitted).

When a motion to set aside default judgment is filed more than thirty days following entry of the judgment, "it is treated as an independent proceeding, separate and apart from the underlying judgment itself." Id. at 878. "In such a case, the trial court's order granting or denying the motion to set aside default judgment is itself … a separately appealable judgment." Id.

"A notice of appeal must be filed not later than ten days after the judgment or order appealed from becomes final." Thorp v. Thorp, 390 S.W.3d 871, 875 (Mo. App. E.D. 2013), citing Rule 81.04(a)[1]. The judgment setting aside the default judgment becomes final thirty days after entry when no after-trial motion is filed. Rule 81.05(a).

Here, the default judgment was entered on May 6, 2015. Father did not file his motion to set aside the default judgment until September 28, 2015. A motion to set aside

---

[1] All rule references are to Mo. R. Civ. P. (2018) unless otherwise indicated.

a default judgment is an independent action, not an authorized after-trial motion, and may be filed within one year after the entry of the default judgment. Rule 74.05(d). The trial court heard the motion and set aside the default judgment on October 28, 2015. Mother did not file any after-trial motions, so the judgment became final thirty days after its entry. As such, Mother had until December 7, 2015 to file her appeal challenging the trial court's setting aside of the default judgment. However, Mother did not file her appeal until March 13, 2018[2].

Accordingly, Mother's notice of appeal was untimely with respect to the May 6, 2015 judgment. This Court is without jurisdiction and must dismiss Point I.

Point II

In her second point on appeal, Mother alleges the trial court erred in granting Father's motion for unjust enrichment because Father failed to prove Mother was enriched by the child support payments, Mother's enrichment was at the expense of Father, and it would be unjust for Mother to retain the child support payments.

When reviewing a court-tried case, we will affirm the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

"The essential elements of unjust enrichment are: '(1) the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit.'" Cent. Parking

---

[2] While Mother did request and receive an order allowing her to file a late notice of appeal, the late appeal was granted with respect to the final judgment in Case No. 15L6-FC00033-02, entered on January 29, 2017. This judgment was separate from the judgment of October 28, 2015 setting aside the default judgment in Case No. 15L6-FC00033-01, which was independently appealable.

Sys. of Mo., LLC v. Tucker Parking Holdings, LLC, 519 S.W.3d 485, 498 (Mo. App. E.D. 2017), quoting Holliday Inv., Inc. v. Hawthorn Bank, 476 S.W.3d 291, 295 (Mo. App. W.D. 2015).

"The third element, unjust retention of the benefit, is considered the most significant and the most difficult of the elements.  Mere receipt of benefits is not enough, absent a showing that it would be unjust for the defendant to retain the benefit."  Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conference Ctr., 280 S.W.3d 678, 697 (Mo. App. W.D. 2009) (internal citations omitted).  "Even if a benefit is conferred and appreciated, if no injustice results from the retention of the benefit, then no cause of action for unjust enrichment will lie."  Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 216 (Mo. App. W.D. 2013).

"As the essence of unjust enrichment lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain, it necessarily follows that the measure of recovery in a quasi-contractual action is not the actual amount of the enrichment, but the amount of the enrichment which, as between the two parties, would be unjust for one party to retain."  Koepke Const., Inc. v. Woodsage Const. Co., 844 S.W.2d 508, 515–16 (Mo. App. E.D. 1992).  "Accordingly, a plaintiff must provide evidence of the benefit that was conferred to the defendant."  Reyner v. Crawford, 334 S.W.3d 168, 174 (Mo. App. E.D. 2011).

Father argues the money he paid in child support during the time the default judgment was in effect and the money he paid pursuant to the PDL order in November 2016-January 2017 allowed Mother to "appreciate[] a benefit conferred by [Father's] overpayment in the amount of $3,238.50, and her retention of that benefit [was] unjust."

Father claims this money should be returned to him because the child support payments were involuntary and not pursuant to court order. Further, Father claims Mother "did not plead or seek retroactive child support in her Petition for Dissolution of Marriage, nor did the mutual settlement agreement reached by the parties contemplate the inclusion of retroactive child support." This is incorrect, as Father's payments were pursuant to a court order, and Mother did request retroactive child support.

When Mother filed her petition for dissolution on February 9, 2015, she filed with it a motion for retroactive child support. At the default hearing, Mother was awarded retroactive child support, and the trial court erroneously ordered it beginning November 1, 2014. The trial court was only authorized to order retroactive child support dating back to the filing of Mother's petition in February 2015. See Section 452.340(1)[3]. However, given that Father did not begin paying child support until May 2015 and did not pay any arrearage on the default judgment that was set aside in October 2015, Father did not make any payments of child support above that which the trial court could lawfully order. Thereafter, the default judgment was set aside, and Mother and Father entered into a consent agreement for Father to pay Mother child support while the dissolution was pending. Because Mother had received child support pursuant to the default judgment and PDL order, Mother had received support for the children and had no need to seek retroactive child support in the final judgment.

Father claims Smith v. Smith, 17 S.W.3d 592 (Mo. App. W.D. 2000), provides that child support payments made to a parent under a court order that is later set aside

---

[3] All statutory references are to RSMo 2018 unless otherwise indicated.

unjustly enriches the parent who received the support. However, Smith is distinguishable on several grounds.

In Smith, mother and father were divorced, and mother was granted sole legal and physical custody of their two daughters. Id. at 595. Father was ordered to pay mother monthly child support beginning in April 1981. Id. In August 1996, their youngest daughter, then sixteen years old, moved out of mother's home and in with her boyfriend. Id. In September 1996, their oldest daughter moved in with her boyfriend. Id. In January 1997, mother sent a letter to the court stating both of the daughters were emancipated as of January 1, 1997, and stated support from father would no longer be required. Id. Father thereafter stopped paying child support to mother. Id.

During the summer of 1997, the Smiths' youngest daughter was hospitalized and after her release returned to mother's home until May 1998. Id. Because her daughter had returned home, mother filed a motion in September 1997 to reinstate child support. Id. Father filed a crossclaim in response, requesting reimbursement of the child support payments mother received in September-December 1996, when their daughters were emancipated and no longer residing with mother. Id.

The trial court denied father's crossclaim, and he appealed. Id. Father argued it was mother's failure to immediately notify him of their daughters' emancipation that caused him to continue to pay mother child support even though she was no longer supporting their children. Id. at 598. The Western District found the trial court erred in holding it would be unjust to order reimbursement of father by mother. Id. The court reversed the judgment and remanded for entry of a judgment in favor of father for reimbursement of child support paid after the daughters' emancipation. Id. at 599.

9

The instant case is distinguishable. In Smith, when mother filed a motion for child support payments to resume, father immediately filed a crossclaim for reimbursement of payments made following their daughters' emancipation. In the present case, Father did not request reimbursement of child support payments at any point during the litigation. Father had the default judgment set aside in October 2015. A large portion of the funds Father claims he should be reimbursed for are funds he paid pursuant to the default judgment, which were paid to Mother prior to October 2015. Despite Father's claim that he should be refunded this money, he did not request reimbursement at any point during the dissolution proceedings. Additionally, Father was aware the final judgment was not sent to the trial court for approval until January 2017. The remainder of the funds for which Father seeks reimbursement are funds he paid in November 2016-January 2017. Again, Father did not raise this issue until after the final judgment was entered on January 29, 2017. No post-trial motions were filed; rather, Father filed his Motion for Contempt and Unjust Enrichment on March 17, 2017.

More importantly, Smith is distinguishable because there the reimbursement stems from money that father paid mother for child support during a time in which mother was not supporting the children. Here, however, Father is requesting reimbursement of money paid to Mother for child support *while she was supporting their children*. Despite it being his burden to do so, Father has not provided any evidence that Mother was enriched by the child support payments. See Crawford, 334 S.W.3d at 174.

There is no dispute that Mother provided care for the children during the time she was receiving the child support Father requested be returned to him. Because Father has provided no evidence Mother did not use the money to support their children in her care

and no evidence Mother received a benefit that would be unjust for her to retain, the judgment was not supported by substantial evidence. Point II is reversed.

<u>Conclusion</u>

The judgment of the trial court entered on June 9, 2017 is reversed, and the case is remanded to the trial court for entry of a judgment consistent with this opinion[4].

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

James M. Dowd, J., and
Robin Ransom, J., concur.

---

[4] Any money Mother paid Father, either voluntarily or through garnishment of her wages, is to be returned to Mother. All motions for attorney's fees are denied.